## GEORGIA PACIFIC RAILWAY CO. *v.* JULIA WEST.

1. INSTRUCTIONS. *Verbal inaccuracies. Verdict not disturbed.*

    A verdict, where there is sufficient evidence to sustain it, will not be disturbed because of verbal inaccuracies in some of the instructions, if they be otherwise correct, and their substantial meaning when taken together is plain.

2. RAILROADS.. *Duty to passengers. Must stop reasonable time.*

    Ordinarily the employees in charge of a train do not owe a duty to passengers on board to stop longer than is sufficient for them safely and conveniently to get off; but even after the usual stop, it is negligence for them to start the train if they know, or have reason to believe, that a passenger is in the act of alighting, or that the passenger intending to alight, from age or infirmity, requires a longer time than usual to alight.

3. CONTRIBUTORY NEGLIGENCE. *Instruction.*

    The court properly refused to instruct that it is contributory negligence *per se* for a passenger to alight from a train on the platform of the station if the train is in motion, where the only evidence as to the train's failure to stop is that it was barely moving, and this is coupled with the statement that the passenger was being assisted to alight by an employee in charge of the train.

4. INSTRUCTIONS. *Want of applicability, when objected to.*

    Where instructions, applicable to the evidence, are objected to because not applicable to the issue made by the pleadings, this objection should be made when the instructions are presented, for then an immediate amendment of the pleadings can be had.

APPEAL from the circuit court of Washington county.

HON. R. B. CAMPBELL, Special Judge, by consent.

The material facts which throw light upon the instructions considered by the court are as follows : Appellee was a passenger upon the train of appellant, and was injured by a fall while alighting from the train at Burdette Station. According to her own testimony, the train did not come to a full stop at the station, but was moving very slowly when it reached the platform of the station upon which passengers alight. Upon approaching this, and while the train was barely in motion, the conductor called "all aboard," and passengers began to get off; and she also attempted to leave the car. She

told an employee on the train to help her get off, and he held her arm and assisted her, but, as she was stepping to the platform, the motion of the car threw her down, and she was injured, and has since been unable to work. She was an aged woman and was traveling alone. Other witnesses for plaintiff testified that the train came to a stop at the station, but started while appellant was in the act of alighting, and that the movement of the car threw or dragged her off the platform and to the ground.

The foregoing facts were all controverted by the employees of the railroad company in charge of the train. Appellee brought suit for two thousand dollars damages.

The following instructions were given for the plaintiff:

1. That the defendant was bound to stop its train a reasonable time to enable the plaintiff to safely get off from the same at Burdette, and if they believe, from the evidence, that it did not do so, they will find for the plaintiff the full amount of her injury and damage that may be shown by the evidence in the case.

2. If the defendant or its officer knew of any inability of the plaintiff to alight in the usual time, it was bound to give to her such reasonable time to get off and be clear of danger in getting off as the circumstances required, and if they find from the evidence that such were the facts, and that it did not afford plaintiff a reasonable time to alight as aforesaid, the jury will find in her favor for all the injury and damage suffered by her that may be shown by the evidence in the case.

3. The defendant was also bound to stop its car at such part of the platform at Burdette as would make it safe for the plaintiff to get off, and to exercise reasonable care and caution in providing for the safety of its passengers in getting off, and if the jury believe that the accident befell the plaintiff because of the defendant having her alight too near to the end of the platform to be safe, and that she was caused to fall in trying to get from the car to the platform, and not from negligence on her part, the jury will find for plaintiff her full injury and damages that may be shown by the evidence.

4. If the jury believe from the evidence that the injury to the

plaintiff would have been prevented if the defendant or its employees had used reasonable care and caution in the place and manner in which the plaintiff was put off the train, and that it did not use such care and caution, under all the circumstances of the case, they will find for the plaintiff the full amount of her injury and damage that may be shown by the evidence.

5. If the jury believe from the evidence that the plaintiff was not afforded a reasonable time to alight on defendant's platform by the defendant or its employees, and before she had time to reach the platform safely the train was negligently started, and thereby caused the plaintiff to fall off said platform, and by reason of said fall she has received injury, they will find for the plaintiff to the amount of the damages as may appear from the evidence to have been sustained by her.

6. If the jury find for the plaintiff, it may take into consideration, in estimating her damages, any pain of body or mind occasioned by the accident, and any loss of health, also any loss or damage by reason of being unable to earn money, and may estimate any damage from loss of health or inability to labor for the future, so far as it can be reasonably ascertained, as well as for the past, and all such damages will be found by the jury so far as the evidence justifies, and so far as to compensate plaintiff for the full extent of the injury suffered by her.

The following instructions were given for the defendant without modification :

1. The court instructs the jury that if they believe from the evidence that plaintiff was a passenger on the train of defendant from Fish Lake to Burdette Station, and that defendant in transporting plaintiff used due and proper care for her safety and gave her reasonable time at Burdette Station to alight from defendant's train, and that the injury complained of by plaintiff was not occasioned by the negligence of defendant, its servants or employees, they will find for defendant.

2. The court instructs the jury that if they believe from the evidence that plaintiff got off of defendant's train at Burdette, and was safely delivered on the platform at said station, where passen-

gers on the road of defendant were accustomed to alight, and in turning round she stepped off the end of said platform, that an injury received from such a fall is without fault on the part of defendant, and they will find for defendant.

3. The court instructs the jury that if they believe from the evidence that the injury complained of by plaintiff in this action was caused by a fall from the platform at Burdette Station to the ground, and not by reason of a fall in getting from the car on said platform, they will find for defendant.

4. The court instructs the jury that if they believe from the evidence that plaintiff received injuries caused by the negligence of defendant, its servants or employees, that it is competent for them, in ascertaining the damages to which plaintiff is entitled, to take into consideration her physical condition prior to said injury, her age, capacity for labor, and the fact as to whether she was self-sustaining or being supported by others.

6. The court instructs the jury, that if they believe from the evidence that the injury to plaintiff in this suit happened to her by mere accident, without any fault on the part of defendant or its employees, then the plaintiff cannot recover in this action, and they will find for the defendant.

7. The court instructs the jury that although they may believe from the evidence that the plaintiff was injured while a passenger on defendant's cars, still, if you further believe from the evidence that the defendant and its servants were not guilty of any negligence which contributed to the injury, then the defendant is not liable in this action, and they will find for defendant.

11. The court instructs the jury that if they believe from the evidence that after plaintiff had safely gotten on the platform at Burdette, the train started, and that, owing to her age, debility, or other cause, she was startled by the starting thereof, and in consequence made a false step and fell from the platform and was injured, the defendant was not responsible therefor, and they will find for the defendant.

12. The court instructs the jury that it is not sufficient in this case for plaintiff to prove the injuries alone, but it devolves upon

her to show negligence on the part of the defendant, and that unless they believe from the evidence that defendant, its servants or employees, were negligent in delivering plaintiff at Burdette Station, they will find for defendant.

13. The court instructs the jury that the burden of proof is upon the plaintiff, and that it is incumbent on her to establish her case by a preponderance of evidence, and that, unless they believe that she has done so from all the evidence in the case, they will find for the defendant, and the court further instructs the jury that if they believe that the evidence in this case is equally balanced, then they will find for the defendant.

14. The court instructs the jury that if they believe from the evidence that the plaintiff attempted to step from the platform of the coach of defendant to the platform at Burdette while the train of defendant was in motion, and that under the circumstances of this case, the train being in motion, the age, sex of plaintiff, and other surrounding circumstances, the attempt to get from the train was hazardous, and not one that a person of ordinary prudence under similar situation or circumstances would have made, they will find for defendant.

The court refused to give for defendant the following instructions :

8. The court instructs the jury that if they believe from the evidence that plaintiff attempted to get off the train of defendant on to the platform at Burdette while the train was in motion, then the plaintiff's own negligence contributed to occasion her falling, and they will find for the defendant.

15. The court instructs the jury to find for the defendant.

The defendant also asked the following instruction :

5. The court instructs the jury that if they believe from the evidence that plaintiff attempted to get off the train of defendant at the time of the injury, while said train was in motion, and under circumstances that would not have justified such an act on the part of an ordinarily careful and prudent person, and that the injury was caused by plaintiff's attempting to leave said train while it was in motion, and that if she had remained in said train no injury

would have happened, then that plaintiff cannot recover and they will find for the defendant.

The court declined to give this instruction as asked, but modified it by adding : " And in determining this the jury will consider the speed of the train at the time, the reason which induced the attempt, whether the plaintiff was invited or assisted by the employees of the defendant to do so, and all the circumstances surrounding the attempt."

The court also modified the following charge by inserting the word *safely* where it appears.

9. The court instructs the jury that if they believe from the evidence that plaintiff had gotten off of defendant's car *safely* on to the platform at Burdette before the train started, and that while she was standing on the platform the train moved off, and that from fright or *any* other cause she fell from the platform and was injured, the defendant was not responsible therefor and they will find for the defendant.

The tenth instruction as asked for by defendant read as follows :

" The court instructs the jury that the duty of a railroad company to passengers is discharged when it announces to him the name of the station at which he is to get off, and stops at the said station long enough for an ordinary passenger to be able conveniently to get off of the train, and the age or infirmities of the passenger impose no additional duty on the railroad company, as it is the duty of the railroads to run their trains for the general convenience of the traveling public, and not to bestow particular attention upon sick or infirm people ; and in this case, although the jury may believe that defendant's train started from the platform at Burdette while defendant was in the act of stepping from the car to the platform, and thereby her fall was occasioned, nevertheless, if they also believe that defendant was aware that the train was at Burdette Station, and that thereafter the train stopped at said station long enough for passengers ordinarily to have gotten safely and conveniently off, then they will find for the defendant, unless they believe that the employees of defendant willfully started said train knowing defendant's danger."

The court modified this instruction to make it read as follows:

10. " The court instructs the jury that the duty of a railroad company to a passenger is discharged when it announces to him the name of the station at which he is to get off, and stops at said station long enough for the passenger to be able conveniently to get off the train, and the age or infirmities of the passenger impose no additional duty on the railroad company ; and in this case, although the jury may believe that defendant's train started from the platform at Burdette while defendant was in the act of stepping from the car to the platform, and that thereby her fall was occasioned, nevertheless, if they also believe that defendant was aware that the train was at Burdette Station, and that thereafter the train stopped at said station long enough for passengers ordinarily to have gotten safely and conveniently off, then they will find for the defendant, unless they believe that the employees of defendant started said train, knowing, or having reason to suspect, that plaintiff was in the act of alighting, or that they knew that plaintiff was in such state as to require a longer time to get off than usual or ordinary."

The jury found for plaintiff in the sum of five hundred dollars, and from the judgment defendant appeals.

The errors assigned are all predicated on the giving of the charges for plaintiff and modifying the fifth, ninth, and tenth charges of the defendant, objection having been made below.

*Yerger & Percy,* for appellant.

The tenth instruction was correct in the form presented and its modification error. The railroad company was under no obligation to bestow more than ordinary care toward plaintiff. Trains are run for the convenience of the traveling public, and if from any cause plaintiff could not do as travelers generally do, it was her misfortune. Sick and infirm people must procure assistance in traveling. *Sevier* v. *V. & M. R. R. Co.*, 61 Miss. 8 ; *N. O., J. & G. N. R. R. Co.* v. *Statham*, 42 Miss. 607.

The court erred in refusing the eighth instruction for defendant. Common sense and precedent concur in support of the rule that it is negligence for a person to attempt to get off a moving train.

Patterson Railway Accident Law, § 24; *Penn. R. R. Co.* v. *Aspell,* 23 Penn. St. 147; *V. & M. R. R. Co.* v. *McGowan,* 62 Miss. 682; *Bardwell* v. *M. & O. R. R. Co.,* 63 Miss. 574; *Dowell* v. *Vicksburg R. R. Co.,* 61 Miss. 519.

It was plainly error to have given plaintiff's first instruction. By it the jury is told that although plaintiff stepped from a train in motion, and that under the circumstances it was hazardous, nevertheless, if defendant failed to stop its train at Burdette, the company is liable for all the damages flowing from the reckless step of plaintiff.

The second instruction emphasizes the vice of the first, and in addition says that defendant should have given plaintiff as long a time to get off and *clear of danger* as the circumstances required, if it knew of any inability of plaintiff to alight, a supposition not applicable to any evidence in the cause. These errors cannot be cured by the fifth instruction. They are in irreconcilable conflict, and leave the jury to decide which is the law.

It was error to modify the defendant's fifth instruction. It told the jury, as modified, that in determining the imprudence of plaintiff, they could consider the reason which induced her to attempt to leave the train, and whether she was assisted by the employees of defendant. There was no *reason* stated in evidence; no peril or cause of any kind to induce the attempt. There is no proof of any assistance except that as she was stepping off some one caught her arm from behind. But this did not lessen her imprudence.

The third instruction for plaintiff, while probably correct abstractly, has no application to the facts, and is not within the scope of the pleadings. The only allegation in the declaration in reference to negligence causing the injury is that defendant suffered and permitted said locomotive and coach to start *while the plaintiff was leaving the train.* All the instructions based on plaintiff's leaving the train while in motion, or on its failure to stop, are therefore inapplicable and erroneous.

*Phelps & Skinner,* for appellee.

Appellants cannot urge here the want of applicability of the instructions to the pleadings. The issues were fairly presented.

The varying proof, if such there was, was produced by the appellant and insisted upon as true. Under either our evidence or theirs, the defendant was guilty of negligence and liable in damages.

Besides, if the question of the variance between the evidence and pleadings had been raised in proper time an immediate amendment would have been applied for and had under code, § 1582.

Appellant concedes that the fact that a passenger attempts to get off a railroad train while in motion, however slowly, would, irrespective of all other circumstances, relieve the company from liability. The court correctly modified this view. See Wood's Railway Law 1130, 1149, 1150.

The tenth instruction as asked discarded all idea of negligence after a stop of the usual time, and would make the company liable only for willful crime. The modification restores the idea of negligence under such other circumstances as would clearly indicate it to the minds of the jury. Wood's Railway Law 1128.

The instructions given are harmonious upon the theory that the company was bound to safely deliver the appellee at her destination, and the jury found that it did not do so.

CAMPBELL, J., delivered the opinion of the court.

After carefully examining the evidence in this case and the instructions as applicable to it, we do not think that they are subject to the objections urged by counsel.

It may be admitted that some of the instructions for the plaintiff are not expressed with verbal accuracy in all respects, and that some of the language of the court in modifying several instructions asked by the defendant is not felicitous, but the substantial meaning of the instructions is plain, and the jury could not have been misled by them, and in such case their verdict should not be disturbed, if there is sufficient evidence to sustain it, as in this case.

We are not disposed to regard the objection to the instructions on the ground of want of applicability to the issue made by the pleadings, since, if that had been urged in the court below, when the instructions were presented, and found valid, an immediate amendment should have been ordered.          *Affirmed.*