ALBERT JONES v. STATE OF MISSISSIPPI.

[48 South. 407.]

CRIMINAL LAW AND PROCEDURE. *Robbery. Indictment. Instruction.*

An indictment for robbery is fatally defective if it fail to charge an intent to steal the property taken, and an instruction authorizing a conviction of robbery regardless of such intent is erroneous.

FROM the circuit court of, first district, Hinds county.
HON. WILEY H. POTTER, Judge.

Jones, appellant, was indicted and tried for and was convicted of robbery, sentenced to the penitentiary and appealed to the supreme court. A statement of the facts of the case is

unnecessary in view of the points upon which the case was decided by the supreme court.

*Hallam & Cooper,* for appellant.

*George Butler,* assistant attorney-general for appellee.

[The briefs of counsel in this case were absent from the record when it reached the reporter, hence no synopsis of them is given in this report.]

WHITFIELD, C. J., delivered the opinion of the court.

The motion to arrest the judgment should have been sustained. The indictment is in the following words: "The State of Mississippi, County of Hinds, First District, Circuit Court, September Term, 1908, First Judicial District, Hinds County. The grand jurors for the state of Mississippi, taken from the body of the good and lawful men of said district, elected, impaneled, sworn, and charged to inquire in and for the county and district aforesaid, at the term aforesaid, in the name and by the authority of the state of Mississippi, upon their oaths present that Albert Jones, late of the county aforesaid, in said county and district, on the 12th day of July, A. D. 1908, did then and there willfully, unlawfully, and feloniously take a pistol, the personal property of E. S. Steen, from his person and against his will, by violence to his person and by putting said E. S. Steen in fear of some immediate injury to his person, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi. Wm. Hemingway, District Attorney pro tem."

The indictment fails to charge an intent to steal. This error was emphasized by the giving of the erroneous instruction No. 1 for the state, which is as follows: "If the jury believe from the evidence beyond a reasonable doubt that Albert Jones feloniously took the pistol of E. S. Steen in his presence or from his person and against his will, by violence to his person

or by putting Steen in fear of immediate injury to his person, as charged in the indictment, then it is the duty of the jury to find the following verdict: 'We, the jury, find the defendant guilty as charged in the indictment.' " In the case of *Woods v. State,* decided by this court April 15, 1889, reported in 6 South. 207, the instruction was as follows: "(1) The court instructs the jury, if they believe from the evidence, beyond a reasonable doubt arising therefrom, that the defendant, either alone or in company with others, made an assault upon J. J. Gallagher, and by violence to his person and against his will took from him a pistol, of the value of $10, and $10 in money or United States currency, the jury should find the defendant guilty as charged; and it makes no difference whether the defendant himself took and carried away the pistol and currency, if he was present, aiding and abetting." The court held that that instruction was erroneous, because it failed to state the intent necessary to constitute the crime charged. The doctrine is fully explained in Bishop's New Criminal Procedure, vol. 2 (6th ed.) § 1002, and in 2 Bishop's New Criminal Law, § 1159. See, also, *Sledge v. State,* 99 Ga. 684, 26 S. E. 756, and *People v. Vice,* 21 Cal. 344.

Because of the refusal to arrest the judgment, and because of giving of charge No. 1 for the state, the judgment is reversed, and the cause is remanded.

*Reversed.*