MISSISSIPPI CENTRAL RAILROAD COMPANY. *v.* I. S. PILLOWS.

[58 South. 483.]

1. APPEAL AND ERROR. *Objections to instructions. Applicability to issue. Evidence. Admissions. Nominal party.*

Where instructions, applicable to the evidence, are objected to because not applicable to the issue made by the pleadings, this objection should be made when the instructions are presented for them an immediate amendment of the pleadings can be had, and if not so made will not be considered in the supreme court on appeal.

2. TRIAL. *Instructions. Error cured by other instructions.*

In a suit against a common carrier for personal injury the omission from an instruction for plaintiff of the words "from the evidence," is cured by an instruction for defendant to the effect that the jury must be governed in their verdict by the preponderance of the evidence and by other instructions in which such words are used.

3. EVIDENCE. *Admission. Nominal party.*

In a suit by a minor by his father and next friend against a carrier for personal injuries, evidence by the defendant of what the father and next friend of plaintiff said as to obtaining a ticket was not admissible, where it was not shown that the son was present, the father being a mere nominal party to the suit.

APPEAL from the circuit court of Lincoln county. HON. D. M. MILLER, Judge.

Suit by I. S. Pillows against the Mississippi Central Railroad Company. From a judgment for plaintiff, defendant appeals.

This suit was brought by the appellee, who was plaintiff in the court below, against the Mississippi Central Railroad Company, for injuries received by the appellee, who was a minor, at the hands of the porter of the appellant railroad company; the declaration alleging that plaintiff had bought a ticket from Wanilla to Silver Creek, and that when he boarded the train and became a passenger the porter on the train pushed him off while the train was running, and the train ran over his leg and cut it off. There was a jury and verdict for one thousand dollars, and the defendant appeals.

As originally drafted, the declaration alleged that, in boarding the train, the passengers crowded the plaintiff, and thus he was pushed from the platform. Afterwards, by permission of the court, the plaintiff amended his declaration so as to allege that the porter pushed him off. Plaintiff testifies that he bought a ticket and boarded the train just as it began to move away from the station, but after he got on the platform the porter gave him a shove, and he lost his balance and fell backward off the train, which ran over his leg and cut it off and otherwise bruised and injured him. The contention of the railroad company was that he did not buy a ticket and was not a passenger, but was a trespasser, and that the porter did not shove him off, but that he fell off, and the defendant introduced testimony to this effect. There was a sharp conflict in the testimony of the plaintiff and defendant. The ticket agent was introduced to show that the last ticket sold before the departure of the train inflicting the injury, between the points above named, was No. 2475, while the ticket produced by plaintiff at the trial was No. 2476. This evidence was brought out by witness Marero, as a part of his report to the superintendent and is as follows: "(Defendant offered

in evidence as Exhibit A, that part of the report which shows the number of the ticket sold upon that occasion. Counsel for plaintiff insist upon the entire report being offered. The court declined to compel that to be done, and plaintiff excepted.) As the accident occurred after the train had started, and all passengers had gotten on train, I took note of last ticket sold to Silver Creek, which was 2475, after No. 2 left. I did this in case party should send some one else to buy a ticket to Silver Creek and claim this as his ticket.'' The defendant offered to prove by Dr. Perry that Miles Pillows, father and next friend of the injured boy, had stated that he had contrived to purchase a ticket so that the claim might be made that the injured boy was a passenger. Miles Pillows himself was not a witness, and the court declined to permit proof of what he had said about purchasing the ticket.

*Jeff Truly,* for appellant.

Is it still the law in Mississippi that the plaintiff must make out his case by the preponderance of the evidence —even if the defendant be a railroad company?

Is it still the law in Mississippi that a plaintiff must sustain the material allegations of his declaration in order to obtain a verdict—even if the defendant be a railroad company?

Is it still the law in Mississippi that plaintiff can set up one state of facts in a declaration and sustain his case by proving another and different state of facts— even though the defendant be a railroad company?

Is it still the law in Mississippi that instructions to the jury must require them to believe ''from the evidence'' before they can return a verdict against a defendant—even though that defendant be a railroad company?

If any one of the above interrogatories which are respectfully propounded to the supreme court of the state

be answered in the affirmative, the inevitable result is the reversal of this case.

Is it still the law that the plaintiff must sustain by credible proof the material allegations of his declaration in order to maintain a recovery?

If so, this case must be reversed.

The facts set out in the original declaration were (1), that the plaintiff was a passenger and held a ticket, (2) that he was shoved off the platform by other passengers, (3) that this was by reason of the neglect and reck-lessness of the employees of the railroad company, and (4) that he was injured as a consequence of such neglect.

The amended declaration as shown by the motion to permit the amendment and as shown by the record simply changed the second averment contained in the declaration first filed so that when the case actually came before the court for trial the plaintiff's declaration contained these four (4) material allegations, each one of which it was necessary for him to prove by credible testimony; otherwise, under the accepted rule of law, he must fail inevitably of recovery. Those allegations were:

(1) That he was a passenger on the train, holding a ticket, entitling him to transportation.

(2) That he was shoved off by an employee of the railroad company.

(3) That this was through the neglect and recklessness of the employees.

(4) That he was injured thereby.

These were the issues that the railroad company was called on to defend or to controvert. These were the averments that the plaintiff was called on to prove. His success depended, under the pleadings in the case, upon each of the four allegations being sustained. He could not recover unless he had proven that the accident was caused by the negligence of the employees of

the defendant, nor unless he could prove that he was shoved off by some employee of the defendant, nor unless he could prove that he was a passenger and held a ticket, entitling him to carriage.

We wish specially to impress upon the court that this was a suit founded upon a breach of duty upon the part of the railroad company in failing to carry a passenger safely to his destination, as shown by the ticket which he alleged he had purchased and held. The declaration avers that "plaintiff did on said date purchase a ticket and pay therefor, and the said agent did on said day execute, issue and deliver to him a ticket and receive the money therefor, entitling him to a safe, orderly and comfortable passage from the said Wanilla to said Silver Creek, upon the said trains of said defendant, and that the said plaintiff became a passenger, entitled to the care, attention and services of the employees of said defendant. And further, "that the said employees did not perform their duty as aforesaid, and did not give him a comfortable, safe and convenient entrance to said train." So the claim for damages propounded by plaintiff was based upon the alleged violation of a duty by the defendant as a common carrier to one of its passengers.

These being the issues tendered by the declaration, the plaintiff could not recover a verdict by proving any other state of facts. Such a course would be a departure from the pleadings, and would be unwarranted and unallowable. It would scarcely be contended, we submit, that having alleged in his declaration that he was injured while a passenger on a train, a verdict would have been sustained in his behalf upon proof that he was struck by a running train or injured while on its tracks or any other of the familiar instances which will occur to the mind of the court. Yet, in this case, as we will undertake to show, the departure is no less radical and unauthorized.

The second instruction for the appellee, specially objected to and made a ground of exceptions in the motion for a new trial and in the assignment of error, is as follows: "The court instructs the jury that if they believe the porter recklessly and in total disregard of the plaintiff's position wilfully pushed him from the train while it was in motion, and because of this plaintiff's leg was cut off, then their verdict should be for the plaintiff regardless of the fact whether he was a passenger or trespasser or had a ticket or not."

We assert that this instruction was fatal error for many reasons. (1) It authorized a recovery without regard to whether the allegations of the declaration were sustained or not. It predicated recovery upon the sole fact of whether the porter had caused the accident. This instruction told the jury that if they believed the man was injured and that the negligence of the porter caused the injury that then the averments of the declaration might be thrown aside; the issues made by the pleadings might be ignored, and they should find for the plaintiff whether he had a ticket or not; whether he was a trespasser or not; thus allowing the plaintiff to recover not by proving the material allegations in his declaration, but by proving an entirely different state of facts. (2) This instruction is wrong again, we submit, because it singles out and accentuates two of the alleged facts and then comments upon the weight of the evidence in violation of our statute.

There was no doubt that the man had been injured; that fact was self-evident. The physical condition of the plaintiff demonstrated his injuries, so this instruction said to the jury, "if you believe this one fact—that is that the porter shoved the plaintiff off the train, you must find for the plaintiff," thus commenting directly upon the weight of evidence. In the face of this instruction it was vain for the defendant to argue to the jury that the whole case as shown by the proof was a con-

spiracy, deliberately concocted and contrived to filch money from the coffers of the railroad company. It was useless to say that the story about the ticket was as had been detailed by Miles Pillows to Dr. Perry, even had that testimony been admitted. It was useless to say that the records showed that the ticket which the plaintiff introduced in evidence was, in truth, purchased after the train had gone, and the man was hurt. It was useless to say that the plaintiff's story was discredited by the contradictions of Dr. Perry, Chisholm, Marero and Garrett. To all these the answer of the appellee was the second instruction given in its behalf. "If you believe the porter shoved the plaintiff off the train, you must find for the plaintiff."

(3)  Nor was this the only vice in the instruction. It was useless to argue to the jury that the plaintiff had failed to make out his case by a preponderance of the evidence. It was useless to urge upon them that they should not believe disinterested witnesses in favor of a man whose interests were wrapped up in the recovery of a verdict, and whose story had been contradicted and impeached by the testimony of others. It was useless to insist that the record of the railroad company could not lie and could not have been falsified for this particular occasion, and that they showed that the ticket introduced in evidence had been sold after the man was injured and the train had gone.

To all this, the second instruction gave an answer. It said, if you believe that the porter shoved the plaintiff off the train, your verdict should be for the plaintiff whether he had a ticket or not, whether he was a trespasser or not. "If you believe," said the instruction. Not from the evidence; not from a preponderance of the proof; not because you believe the negro told the truth and the white people did not; not because you might believe the witnesses for the railroad were perjured or mistaken. "If you believe" from any reason,

from your whims, from your dislike of anybody connected with the railroad company, from your anticorporation proclivities, from your prejudiced partiality or friendship, from your bias, from any reason, if you believe for any reason except "from the evidence." The life-giving, law enforcing words, "from the evidence," were omitted, so that the jury having been told they might disregard the declaration of the plaintiff were further told that they might also disregard the proof in the case.

Turned adrift then without rudder, compass or known channel, having but one port to reach—or rather one result to arrive at; that is, to safely deliver a verdict against the railroad company.

If this court will follow what it has already said, and if, as we know is true, this appellant is entitled to the same rights as all other defendants in all other cases then the omission of the words "from the evidence," from this instruction must inevitably work a reversal of the case.

Said the supreme court of this state, speaking in the case of *Gordon* v. *State,* 49 So. 609, where an instruction in which the same vice appeared, was under review, "But worse than this it charges that they may find the defendant guilty if they simply believe so and so; that they are not required to believe from the evidence. It is impossible to affirm this case which is an exceedingly close one on its facts, in the face of an instruction so grossly erroneous."

The observation and criticisms of the supreme court in that case are strikingly applicable to the instructions and facts in this case. Here, too, the jury are told they may find the defendant guilty if they simply believe so and so. Here, too, they are not required to believe from the evidence. Sufficient, says the instruction, if you believe from whim or prejudice, personal impression or outside information. And in the instant case the in-

struction is more grossly erroneous, it commences by stating in effect that the jury might ignore the allegations of the declaration and find the defendant guilty even though no charge contained in the declaration had been sustained.

Likewise, the supreme court of Illinois in the case of *Ewing* v. *Runkle,* 20 Ill. 464, speaking of an instruction where the words "from the evidence" were omitted, and criticising it, says, "Juries should be permitted to believe nothing except that belief be occasioned by the evidence, and their minds should always be directed to that, and that only, as the ground of their belief."

*Cassedy & Butler,* for appellee.

The first contention in brief of appellants, is that the declaration as originally written was, that some of the passengers in getting off the train, shoved him off; this was prepared at the suggestion of a friend of plaintiff, and not from the statement of plaintiff, as the record will show. That after the plaintiff was seen, and his account of it obtained, permission of the court was asked to amend by changing the declaration so as to aver the facts. That the porter of the train shoved him off. Upon this allegation in the declaration, the parties went to trial, and no complaint was made that any wrong was done defendants by this amendment, as the case was continued at the first term after this amendment was allowed and made. The case was tried upon this issue, did the porter on the train shove him off? this was the pith of the case, and everything else were mere incidents to it.

It is contended by appellant that, "the plaintiff must sustain the material allegations of the declaration.

1st. That he was a passenger, on the train, holding a ticket entitling him to transportation, and,

2nd. That he was shoved off, by an employee of the railroad company;

3rd. That this was through the neglect and reckless-ness of the employees;

4th. That he was injured thereby.

We will take these claims in the order in which they are given.

First. There are many things in the declaration that it makes no difference about; for instance, he avers he is a citizen, and no one would contend that if it should turn out he was not a citizen, that the company would not owe him the same duty, as if he was. There was some evidence tending to show he did not have a ticket, but he testified he did, and proved it by witness, Bertha Collins, and produced the ticket, so we say this matter was for the jury.

Second. "That he was shoved off the train by an employee." This was really the question in the case, and if he was shoved off by an employee, it made no dif-ference whether he had a ticket or not and this was proven to the satisfaction of the jury.

Third. "That this was through the neglect and reck-lessness of the employees." This was fully proven to the satisfaction of the jury.

Fourth. "That he was injured thereby." No one disputed this. It is contended by appellant that the second instruction for plaintiff according to the record, was wrong in leaving out the words "from the evi-dence." We contend that the mere omission of these words does not render the instruction bad. While this is the usual form, we do not think it necessary, for in the commencement of the trial the jury are asked if they knew anything about the case, and when they answer that they had heard of it they are specially asked if this would have any influence on them, and then they are specially sworn to try the case on the evidence intro-duced before them. What reason is there in requiring that the court, in every breath, must put in, "If you be-lieve from the evidence?" They have already been in-

structed and sworn, that they will be governed solely by the evidence. However the court may think about this, we contend that every other instruction for plaintiff and every instruction for the defendant emphasized the fact that they must "believe from the evidence," and so thoroughly impressed this fact on the jury, that it would not be such error as would reverse the case. We contend specially that the first instruction of appellant cured any defect that might have been made in this report. It is as follows: "The court instructs the jury that they must be governed in their verdict by the preponderance of the testimony introduced before them." this peremptorily told them they must be governed by the testimony introduced before them. The only case referred to with reference to this error is *Gordon* v. *State,* 49 So. 609.

A reference to this case will show that it was a criminal case, a man on trial for murder, and while the court used the language quoted by appellant, yet the court condemned the instruction in other respects and merely made the comment in passing, and by reference to the case, it will be seen that the court would not have reversed the case on this alone.

We contend, however, that the error complained of, even if it was an error, is not a reversible error, for clearly the same result would have been reached. *Nichols* v. *Railroad Co.,* 83 Miss. 126. A judgment will not be reversed because of an erroneous instruction where the right result was reached. *Hardware Co.* v. *Heidelberg,* 91 Miss. 598. Where no other result than what was reached could possibly be proper on the testimony, trivial error in the instruction or otherwise is not ground for reversal. *Arky* v. *Cameron,* 92 Miss. 632. When it is clear that a correct result was reached by the trial court the supreme court will not reverse for a trivial and non-prejudicial error.

The giving of a bad instruction is no ground for setting aside a verdict where it is clearly right on the law

and the facts. *Wiggins* v. *McGimpsey*, 13 S. & M. 532; *Heads case,* 44 Miss. 731; *Evans case,* 44 Miss. 762; *Hanks* v. *Neal,* 44 Miss. 212; *Railroad Co.* v. *Whitfield,* 44 Miss. 466.

As to that part of the instruction that tells the jury that "if the porter recklessly and in total disregard of the plaintiff's position willfully pushed him from the train, while it was in motion and because of this, plaintiff's leg was cut off, then their verdict should be for the plaintiff, regardless of the fact whether he was a passenger or a trespasser, or had a ticket or not."

The only reason that the appellant claims that this ought not to have been given, is that this was not stated in the declaration. The attention of the court is called to the exception that was taken in the court below, which is presented in the motion for a new trial.

No exception was made as to this feature of the instruction. In fact at the time of giving this instruction, no exception was taken; if it had been done the instruction could have been amended, and if necessary the declaration could have been amended. The only objection to the instruction was made in the motion for a new trial on the ground that the instruction left out "if they believed from the evidence," and no objection was made that the latter part of the instruction was wrong because the matter set up in it was not in the declaration. See the motion for a new trial, page 111, which is as follows:

Sixth. "Because the court erred in giving the second instruction given the plaintiff, which is erroneous, because it omits the words "from the evidence," and permits the jury to assess damages and to find a verdict against the defendant, upon their belief alone, whether said belief grows out of, or is based upon the testimony introduced." This was all that was said with reference to this instruction, and there was nothing said about any of the instructions other than this. We contend the rule to be that he cannot raise the objection in this court

for the first time and especially when the only objection urged was that it was not alleged in the declaration. An opportunity should have been given to have amended the declaration, so as to have presented the question, and having failed to urge it at the time the court gave the instruction, he will not be heard for the first time here.

We contend that this instruction is right and properly propounded the law. The gravamen of the complaint is not whether he had a ticket or not, but that the porter shoved him off of the train while it was running. This instruction tells the jury that the porter willfully shoved him off of a moving train, and he was injured, thereby the company was liable, this is the law. In fact, it is admitted by the attorney for appellant and the only objection urged was, it was not in the declaration. We contend it was covered in the declaration, the question being did he wrongfully shove him off of the train? It is contended by appellant that the court erred in not permitting defendant to prove that the plaintiff was in the habit of jumping on and off the trains.

This made no difference for it would throw no light on the question as to whether the porter shoved him off of the train or not.

Argued orally by *J. T. Cassedy,* for appellee.

Whitfield, C.

A very earnest argument has been made to the effect that this case should be reversed on its facts. We have carefully read the record, and we are not prepared to yield to this suggestion. There is certainly sufficient testimony to uphold the verdict, if the jury believed the witnesses for the plaintiff, and the verdict establishes the fact that they did so believe.

The most serious contention of the appellant is that the second instruction for the plaintiff is erroneous.

That instruction is in the following words: ''The court instructs the jury that if they believe the porter, recklessly and in total disregard of the plaintiff's position, willfully pushed him from the train, while it was in motion, and because of this the plaintiff's leg was cut off, then their verdict should be for the plaintiff, regardless of the fact whether he was a passenger or trespasser, or had a ticket or not.''

It is insisted that the declaration, as originally framed, proceeded upon the theory that the railroad breached its duty in failing to carry a passenger safely to his destination as shown by the ticket which he alleged he had purchased, and that this instruction counts upon a different ground, to-wit, that the porter recklessly and willfully pushed the plaintiff from the train while it was in motion. As amended, the declaration did charge that the brakeman or flagman ''shoved him with great force, and caused him to lose his balance, without fault on his part, and he fell from said train and under it, and thereby the injury was caused.'' If the amendment does not exactly allege the cause of action in the precise language of the instruction, it seems to us that it does substantially do so at least. The argument for appellant is that it did not substantially do so, and that consequently the jury, by this charge, were directed to base their verdict on a statement of facts different from the statement counted on in the declaration, even as amended, and that, since the allegations and the proof must correspond, this charge is fatally erroneous.

This objection to this instruction is made for the first time in this court, as appears from the sixth ground of the motion for a new trial, which is in the following words: ''Because the court erred in giving the second instruction given the plaintiff, which is erroneous, because it omits the words, 'from the evidence,' and permits the jury to assess damages and to find a verdict against the defendant upon their belief alone, whether

said belief grows out of or is based upon the testimony introduced." It is thus made clear that this objection to this instruction was not made in the court below. If it had been made, of course the declaration could have been instantly amended to conform to the instruction. It cannot be allowed to make that sort of an objection so easily cured by amendment in the court below, in the supreme court, for the first time. This has been expressly decided in *Georgia Pacific Railway Company* v. *West,* 66 Miss. 310, 6 South. 207. Judge Campbell, speaking to this direct point, said for the court in that case: "We are not disposed to regard the objection to the instructions on the ground of want of applicability to the issue made by the pleadings, since if that had been urged in the court below, when the instructions were presented and found valid, an immediate amendment should have been ordered." This is not only a thoroughly sound rule of practice, but one absolutely necessary. This objection is therefore not tenable.

The other objection to this instruction, that the words "from the evidence" were left out after the word "believe," presents an error which we think is fully cured by the first instruction given for the defendant below. That instruction is in these words: "The court instructs the jury that they must be governed in their verdict by the preponderance of the testimony introduced before them." And every other instruction given for the plaintiff, and for the defendant, announces the same principle. The words "from the evidence" are expressly written into the fifth, sixth and seventh instructions for the defendant, and into the first instruction for the plaintiff. We do not think this error, therefore, a reversible one.

It appears from the record, page 108, that the report made by the witness Marero was introduced in evidence. Objection on that point is therefore inapplicable.

We do not think the court erred in excluding what Miles Pillows told Dr. Perry about getting a ticket.

Miles Pillows was a nominal plaintiff merely, having no interest in the suit, and, besides, the statement was not made in the presence of the real plaintiff, the appellee.

*Affirmed.*

Per Curiam. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated, the judgment is affirmed.