Matthews, J.
This case comes on to be heard upon a motion of the defendant for a new trial.
The action is one of M'ary E. Baker, an infant ten years of age, by her next friend, against the defendant, a municipal cor *42 poration, for personal injuries received by her because of an alleged defect in the public sidewalk, located in said corporation. This defect consisted in an elevated projection six inches high, and extending ten inches over the sidewalk, and was caused by the joinder of two retaining walls coming together in such a way that the street side of the walls made an angle or offset. On the opposite side of the wall was a ravine several feet in depth, and there was no barrier or fence separating the sidewalk from this ravine other than the wall itself, which was not more than ten inches in height above the sidewalk.
• The plaintiff, who at the time, was a child eight years old, when proceeding along this sidewalk, struck her foot against the projecting stone wall and fell over the wall into the ravine and received injuries, the most serious one of which was a broken collar bone.
It is contended- that the condition of the sidewalk was reasonably safe for travel in the usual mode, and that the ease is to be classified with those where an injury occurs by reason of certain conditions in the sidewalk that are usual and customary in sidewalk construction.
Reliance is chiefly based, upon the case of the City of Cincinnati v. Fleischer, Admr., 63 Ohio St., 229, the syllabus of which is: •
■ “The statute requires of municipalities the exercise of ordinary care in the construction and maintenance of streets and sidewalks; but that duty is not violated by permitting a carriage block of the usual size to occupy, the usual position of such blocks, near the curb and not upon that portion of the sidewalk which is designated for the-use of pedestrians going upon or passing along the walk.”
And at page 234, the court in discussing the circumstances, said:
“It (this block) was within that portion of the street by the curb which, according to common knowledge, is devoted to carriage blocks, lamps, hitching posts and shade trees, which pedestrians of ordinary care observe and avoid.”
*43 In tbe opinion of the'eonrt, tbe case at bar does not fall within the same class of eases as that of Cincinnati v. Fleischer, supra.
The construction of this sidewalk separated by these Retaining walls, the ends of which came together in such a way as to form a projecting angle, upon the opposite of which retaining wall was this ravine, formed a situation of an unusual character, and could in no sense be regarded as the usual or customary way of constructing sidewalks and retaining walls. The projection into the sidewalk was of just the character that would cause a pedestrian to stumblé upon it, and in stumbling, would likely cause him to fall over the low retaining wall into the ravine. The court left it to the jury to determine whether this sidewalk, under the circumstances, was reasonably safe for dedestrians passing along it, and the jury by its verdict has found that it was not, and the court is not disposed to disturb the finding of the jury in that respect.
The general rule, which is the one governing this ease, is stated and authorities collated in Elliott on Roads and Streets (3d Ed.), Sections 790, 792, 796- and 798.
At the trial, the plaintiff’s father, who acted as her next friend in filing this action, took the witness stand and testified as to the condition of the sidewalk, retaining walls and ravine; and also testified as to the nature of the injuries which- the plaintiff received by reason of falling over the retaining wall. On cross-examination he was shown a letter which he had written to the village council shortly after the accident. This letter is as follows :
“I hereby call your attention to the injury of my daughter, caused by a fall on the village sidewalk running north and south on First street in Addyston. At this point two retaining walls intersect, one projecting out past the other, making the passway at this point very hazardous.
I feel that this village is at fault for the cause of this accident, and I hereby make claim on your board for injury, suffering and expenses caused by this fall, to the amount of $200.
This child is injured for life, and if your honorable body does not consider this bill a just bill, I will sue through the courts for recourse in this cáse.”
*44 The father admitted writing the letter, and the defendant offered it in evidence, to which objection was made by the plaintiff, and the court sustained the objection.
It is claimed that the court erred in this ruling. This question involves the law relating to the power of the parent and next friend to represent and make admissions binding upon the infant plaintiff. The rule on this subject is clearly stated in 14 Euling Case Law, page 291, in this language:
‘ ‘ It is the general rule that the next friend or guardian ad litem of an infant can not bind him by any admissions, waivers, or stipulations, except as to such minor matters as are necessary to facilitate the progress of the suit, and do not affect the infant’s substantial rights. * * * Nor can he dispense with the necessity of proving the substantial allegations against his ward by admissions in his pleadings. ’ ’
This text is supported by various eases, among others being, White v. Joyce, 158 U. S., 128.
In the case of Buck v. Maddock, 167 Ill., 219, at 221, the court on this subject'said:
* ‘ It is said the trial court erred in refusing proof of admissions made by the mother of appellees, who was acting as their next friend in this suit. She is not a party to the suit in such a sense that her admissions or declarations out of court should be received. She was a witness, and if it was desired to prove that she made the supposed statements by way of impeachment, the proper foundation should have been laid by asking her whether she had so stated, fixing the time and place and persons present. This was not done. The point is not well taken. ’ ’
To the same effect is Mississippi Central Railroad Company v. Pillows, 58 So., 483.
The policy of the law of Ohio is indicated and the circumscribed authority of a next friend found in Section 11247 General Code, which we quote in part:
“ # * * When the action is brought by his next friend, the court may dismiss it, if it is not for the benefit of the infant, or substitute the guardian, or any person, as the next friend. ’ ’
*45 It is the opinion of the court that the witness, Mr. Baker, did not have authority, either in his capacity as father or next friend, to make any admissions binding upon the infant plaintiff. It is urged, however, that inasmuch as he was a witness in the ease, that this letter should have been admitted in evidence, for the purpose of impeachment. In the opinion of the court, the letter was not admissible upon that theory for two reasons; first, because the letter has no tendency to impeach any testimony given by the witness — there being no contradiction between the testimony given by the witness and the letter; second, the only expression in the letter of any value to the defendant, was that in which the witness claimed $200 from the defendant, but inasmuch as the witness, upon the same theory that the plaintiff had a claim, would also personally have a claim against the village, and inasmuch as the letter does not state whether he is making the claim on behalf of the plaintiff or on his own behalf, in order to allow the letter in that respect to be used as evidence against the plaintiff, the court would be obliged to assume that the letter was written on behalf of the plaintiff and that the amount claimed was in compensation for her injuries, as distinguished from the father’s claim for loss of services, expenses, etc.
That facts not admissible in chief as a defense can not be introduced indirectly under the guise of impeaching questions on cross-examination, was decided in the case of Luval v. Davey, 32 Ohio St., 604, at 613. The rule in Duval v. Davey has more forcible application in this case for the reason that the letter offered had no tendency to impeach the testimony of the witness. ,
In the opinion of the court, no error prejudicial to the defendant was committed at the trial, and the motion for a new trial is therefore overruled.