## JONES *v.* STATE.*

(Division B.   Feb. 4, 1929.)

[120 So. 199.   No. 27375.]

*Corpus Juris-Cyc References: Robbery, 34Cyc, p. 1811, n. 93.

*R. S. Stewart* and *J. S. McGuire,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General for the state.

ANDERSON, J. Appellant was indicted and convicted in the circuit court of Amite county of the crime of robbery of Mrs. A. Dominick and the larceny from her of one hundred and fifty-five dollars in money. From that judgment, appellant prosecutes this appeal.

Only one instruction was given for the state, which follows: "The court instructs the jury for the state that if they believe, beyond a reasonable doubt from the evidence in this case that this defendant, did then and there,

in company with another wilfully, unlawfully, forcibly, violently, and feloniously, in the presence of the witness, Mrs. A. Dominick and against her will forcibly take from her the sum of money testified to then he is guilty as charged and the jury should so find. (Given)''

Appellant contends that this instruction was erroneous, because it failed to inform the jury that, before they could convict appellant, it was necessary that the evidence show beyond a reasonable doubt that the robbery was committed by appellant with the intent to steal from Mrs. Dominick the one hundred and fifty-five dollars. No instruction was given appellant that the intent to commit the larceny of the money was a necessary and essential element of the crime of robbery.

The attorney-general concedes that, unless *Jones* v. *State,* 95 Miss. 121, 48 So. 407, 21 Ann. Cas. 1137, is overruled, the instruction complained of was erroneous, and the judgment in this case must be reversed. The Jones case decided this identical question. The court said, among other things, in that case: ''The indictment fails to charge an intent to steal. This error was emphasized by the giving of the erroneous instruction No. 1 for the state, which is as follows: 'If the jury believe from the evidence beyond a reasonable doubt that Albert Jones feloniously took the pistol of E. S. Steen in his presence or from his person and against his will, by violence to his person or by putting Steen in fear of immediate injury to his person, as charged in the indictment, then it is the duty of the jury to find the following verdict: ''We, the jury, find the defendant guilty as charged in the indictment.'' ' In the case of *Woods* v. *State,* decided by this court April 15, 1889, reported in 6 So. 207, the instruction was as follows: '(1) The court instructs the jury, if they believe from the evidence beyond a reasonable doubt arising therefrom, that the defendant, either alone or in company with others, made an assault upon J. J. Gallagher, and by violence to his person and against

his will took from him a pistol, of the value of ten dollars, and ten dollars in money or United States currency, the jury should find the defendant guilty as charged; and it makes no difference whether the defendant himself took and carried away the pistol and currency, if he was present, aiding and abetting.' The court held that that instruction was erroneous, because it failed to state the intent necessary to constitute the crime charged. The doctrine is fully explained in Bishop's New Criminal Procedure, vol. 2 (6 Ed.), section 1102, and in 2 Bishop's New Criminal Law, section 1159. See, also, *Sledge* v. *State*, 99 Ga. 684, 26 S. E. 756, and *People* v. *Vice*, 21 Cal. 344.'' We see no good reason why the Jones case should be overruled.

Appellant assigns and argues that other errors were committed during the progress of his trial. We do not pass on those, because, if there were errors, they were such as probably will not occur on another trial.

*Reversed and remanded.*