McCRAY *v.* STATE.*

(Division B.    April 1, 1929.)

[121 So. 291.  No. 27852.]

588

*Corpus Juris-Cyc References: Robbery, 34Cyc, p. 1797, n. 12; p. 1803, n. 44.

*R. L. Dent., Jr.,* and *W. J. Vollor, Jr.,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

ANDERSON, J. Appellant was indicted and convicted in the circuit court of Warren county of the crime of robbery, and sentenced to the penitentiary for a term of four years. From that judgment appellant prosecuted this appeal.

The charging part of the indictment is in this language: "That Robert McCray, late of the county aforesaid, on the 3rd day of December, A. D. 1928, with force and arms, in the county aforesaid, and within the jurisdiction of this court, did willfully, unlawfully and feloniously take the personal property of one John Williams from the person of the said John Williams, and against his will by violence to his person or by putting the said John Williams in fear of some immediate injury to his person."

Only one instruction was requested and given by the court, and that was for the state, which follows: "The court instructs the jury for the state, that if you believe from the evidence in this case, beyond a reasonable doubt

that the defendant, Robert McCray, willfully, unlawfully and feloniously took the personal property of John Williams from the person of the said John Williams, and against his will, by violence to his person, or by putting the said John Williams in fear of some immediate injury to his person, then you will find the defendant guilty as charged in the indictment.''

The indictment charged no offense, and the error of the court in putting appellant to trial upon such an indictment was accentuated by the giving of the above instruction for the state. It was necessary for the state to charge in the indictment and prove an intent on the part of appellant to steal the personal property taken from the person of Williams. The intention on the part of appellant to commit larceny was an essential part of the crime. *Jones* v. *State,* 152 Miss. 900, 120 So. 199; *Jones* v. *State,* 95 Miss. 121, 48 So. 407, 21 Ann. Cas. 1137; *Woods* v. *State* (Miss.), 6 So. 207; Bishop's Criminal Procedure (6 Ed.), vol. 2, sections 1002 and 1159.

Reversed, indictment quashed, and appellant held to await the action of the grand jury.

*Reversed.*