JONES v. STATE.

(Division A.  Oct. 27, 1930.)

[130 So. 506.  No. 28733.]

See, also, 152 Miss. 900, 120 So. 199.

**E. O. Whittington,** of Liberty, and **J. S. McGuire,** of McComb, for appellant.

**E. R. Holmes, Jr.,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

The appellant, Odessa Jones, was convicted of escaping from jail while under sentence, for less than life, to the state penitentiary, and sentenced to serve a term of two years in the state penitentiary for said crime, and, from such conviction and sentence, he prosecutes this appeal.

The indictment as drawn, and the conviction had, was under section 926, Hemingway's Code 1927, section 1156, Code 1906.

It is not necessary to state the facts for the reason that there is no doubt but that the appellant, in company with other prisoners in a county jail, escaped therefrom by breaking the lock thereof and remained at large for many months. There is no question but that he was under sentence of the circuit court, at the time he escaped from the county jail, to the state penitentiary, and that he had not been delivered to the officials thereof. He escaped jail a few days after the adjournment of the circuit court at which he was convicted of the crime of robbery.

Before the adjournment of the term of court in which he was sentenced to the state penitentiary for the crime of robbery, he took the necessary steps to prosecute an appeal, which appeal, 152 Miss. 900, 120 So. 199, finally resulted favorably to him, in that the cause was reversed and remanded for another trial, such reversal occurring many months after appellant's escape from the county jail.

Subsequent to the reversal, he returned to the town in which the county jail was situated, and was taken in custody by the sheriff.

The indictment found by the grand jury, which indictment is here under review, was found subsequent to the reversal of the robbery case. Section 926, Hemingway's Code 1927, section 1156, Code of 1906, is in the following language: "If any person sentenced to the penitentiary for any term less than for life shall break such prison and escape thence, or shall escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in such prison for a term not exceeding five years, to commence from and after the expiration of the original term of his imprisonment, as extended in consequence of such escape."

The appellant insists that the provision making the sentence commence "from and after the expiration of the original term of his imprisonment, as extended in consequence of such escape," demonstrates that the appellant was tried, convicted, and sentenced improperly under the above-quoted section, and that section 929, Hemingway's Code 1927, section 1159, Code 1906, should have been applied to the facts of the case, said section reading as follows: "Every person lawfully imprisoned in the county jail, who shall escape therefrom, or who shall attempt by force or violence to escape therefrom, shall, upon conviction, be imprisoned in the county jail not more than one year."

The appellant's contention is that, the appeal having been prosecuted successfully, and the original robbery case reversed and remanded, therefore, the original sentence to the state penitentiary was abrogated, and, under the statute, the appellant could not be sentenced, because at the date of the sentence there was no term to serve in the penitentiary, and therefore no time at which the sentence for the escape from jail could lawfully begin.

This contention is palpably unsound. The language quoted as to the sentence clearly shows that the legislature intended to prevent two sentences running concurrently, and that, so far as the sentence for the crime of escaping from jail is concerned, the appellant should be

required to serve a term for that offense independent of the original sentence.

While the appeal from the original judgment of conviction suspended the sentence to the penitentiary, the appellant was still lawfully in the county jail awaiting the beginning of that sentence, and same was not abrogated by the fact that he had prosecuted an appeal. It may be true that the appellant might have been indicted, tried, and convicted under the last-quoted section. The fact that the case was afterwards reversed could not affect or diminish his crime of escaping from the county jail while under a penitentiary sentence. For instance, he might escape from jail, and on the following week receive an absolute pardon from the governor of the state for his original offense for which he was incarcerated; but the pardon of the governor for the original offense would not abrogate, nor affect, in the slightest, the second crime of escaping from the jail while under a penitentiary sentence.

We think the sentence imposed was proper.

Other objections are urged, but, in view of the fact that there can be no question of the appellant's guilt, we shall not refer to these objections, but content ourselves by saying that they are without merit.

Affirmed.