# Richmond

## KEYSTONE TANN v. COMMONWEALTH OF VIRGINIA.

November 21, 1949.

Record No. 3611.

Present, All the Justices.

The opinion states the case.

*W. A. Hall, Jr.*, for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Frederick T. Gray, Special Assistant,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

Keystone Tann, alias Henry Harris, was, on the 13th day of March, 1946, indicted in the Circuit Court of the city

of Richmond, Virginia, on a charge of escaping from the State Penitentiary while being then and there confined under a lawful conviction and sentence for a felony. Virginia Code, 1942 (Michie), section 5049. Trial upon this indictment was held on February 7, 1949, shortly after the recapture of Tann.

Upon his trial, the defendant, by counsel, first moved the court to quash the indictment against him on the ground that any judgment of conviction for which he was held in custody at the time of his escape was void. He introduced in evidence certified copies of five former indictments and judgments of conviction against him. The court overruled the motion and Tann then, in his own proper person, pleaded not guilty. With his further consent given in person, after being advised by his counsel, and with the consent of the Attorney for the Commonwealth and of the court, entered of record, he was tried by the court without the intervention of a jury. The court, having heard the evidence and argument of counsel, found him guilty of escape as charged in the indictment, and fixed his punishment at one year in the State Penitentiary. Virginia Code, 1942 (Michie), section 5051. The term of one year was ordered to run concurrently with the term or terms for which the defendant had been formerly sentenced. From the judgment and sentence entered in accordance with the finding of the court, the defendant has perfected this appeal.

The record discloses that Tann, prior to his escape from the penitentiary on August 2, 1939, had been indicted, tried, and found guilty, in the Circuit Court of Princess Anne county, of five separate felonies, and had been sentenced to imprisonment in the State Penitentiary as follows:

On February 25, 1936, on conviction upon each of two indictments for housebreaking with intent to commit larceny (Virginia Code, 1942 (Michie), section 4439), and sentenced to terms of five and two years, the two-year term to commence at the termination of the five-year term; on March 21, 1939, on conviction upon another indictment

for housebreaking, etc., and sentenced to a term of five years; and also on the last mentioned date, on conviction upon each of two indictments for the grand larceny of hogs, Virginia Code, 1942 (Michie), section 4440, and sentenced to terms of two years and one year, the one year term to commence at the termination of the two-year term.

Each of the above cases was, with the consent of the Attorney for the Commonwealth and the court entered of record, heard and determined by the court without the intervention of a jury. Each conviction was upon the plea of guilty tendered in person by the defendant. None of the judgment orders shows whether or not he was represented by counsel.

The defendant claimed in the lower court, and claims here, that each judgment of conviction in 1936 and 1939 is void for defects on the face of the record, and also for lack of due process of law, in that he did not have the assistance of counsel upon his trials. He contends, therefore, that he committed no crime in escaping from a custody arising from sentences imposed in accordance with such judgments.

On the other hand, it is the position of the Commonwealth that the escape of the defendant from confinement in the penitentiary, pursuant to his conviction and sentence by a court of competent jurisdiction, was unlawful, whether or not his convictions could have been, or can be, declared void in *habeas corpus* proceedings. The Commonwealth denies that any of the former convictions of Tann is void, and contends, without dispute, that if any one of them is valid the conviction for escape must be sustained, since Tann had not served a single sentence at the time of his escape.

If the position of the Commonwealth is correct, the question of the validity of his convictions in Princess Anne county is immaterial. For this reason, we will first consider the contention of the Commonwealth.

The evidence in this case consists of certified copies of the five indictments and judgments from the Circuit Court of

Princess Anne county, the evidence of the defendant, and the evidence of the Commonwealth.

Tann testified that he was an ignorant boy, seventeen years old in 1936; that in his trials on the above indictments, he did not know he had the right to assistance of counsel and was without funds to obtain the same; that the judge of the trial court did not inform him as to his right to counsel or give him any advice in respect to the consequences of his plea of guilty, or explain the range of penalties for the felonies charged in the indictments, and that in each of his former convictions he was guilty only of lesser offenses than those of which he was convicted.

The evidence of the Commonwealth showed that Tann had been granted a conditional pardon for the 1936 sentences before he had completed serving either one; that upon his return to the penitentiary, pursuant to the 1939 convictions, the conditional pardon was revoked; and thereafter on August 2, 1939, he escaped from the State Convict Road Force in Dinwiddie county and from the custody of an officer of the penitentiary.

The defendant does not contend that the 1936 and 1939 indictments did not properly and sufficiently charge the offenses alleged against him. Under those indictments he was held in lawful custody for trial and judgment. The Circuit Court of Princess Anne county had full and complete jurisdiction to try him and to render such judgments as the evidence warranted.

The record shows that upon each of his trials on the 1936 indictments, the defendant upon "being arraigned pleaded *guilty of housebreaking.*" Upon each of the 1939 indictments, he "pleaded *guilty as charged in the indictment.*" (Italics added). In each of the judgments thereon it is recited that he was found guilty "according to his plea."

The defendant insists that "housebreaking," merely, is not a crime under the statute. He argues that the failure of three of the judgments to state the intent with which the housebreaking was accompanied rendered them invalid and

the convictions void. Consequently, he contends, no lawful sentences could have been imposed thereunder. Other contentions are raised as to the validity of the indictments for grand larceny.

Upon the rendition of each judgment, the defendant could have, within the prescribed statutory period, sought an appeal and asked for reversal upon any claim of error sufficiently assigned, either as to the regularity or validity of the proceedings or of the judgment. In addition, after the time for an appeal had expired, he could have instituted a *habeas corpus* proceeding to determine the validity of the judgments and sentences against him. He has followed neither procedure, and the judgments and convictions have stood unassailed until his trial upon the indictment for escape.

An escape from custody authorized by law is a crime against public justice. The statute declaring it to be an offense proceeds from the theory that a citizen should yield obedience to the law. When one has been, by authority or command of the law, confined in prison, it is his duty to submit to such confinement until delivered by due course of law, no matter whether he has been committed for a future trial, or for punishment after conviction. It is generally held by the more modern authorities that it is immaterial whether he is innocent or guilty of the original offense in so far as his liability for escaping is concerned. *Commonwealth* v. *Ashe*, 142 Pa. Super. 403, 17 A. (2d) 224; *Jones* v. *State*, 158 Miss. 366, 130 So. 506; *People* v. *Ah Teung*, 92 Cal. 421, 28 P. 577, 15 L. R. A. 190; *Bayless* v. *United States* (9th Cir.), 141 F. (2d) 578, certiorari denied 322 U. S. 748, 64 S. Ct. 1157, 88 L. ed. 1580; 30 C. J. S., Escape, page 1145; 19 Am. Jur., Escape, Prison Breaking and Rescue, page 367.

It would bring the law into disrepute and completely render prison order and discipline unenforceable if prisoners convicted of crime could exercise the right of self-judgment and self-help and be allowed to escape from imprisonment, either because they believe themselves to be innocent, or that their convictions were obtained through legal error.

The validity of a judgment often presents a difficult question for experienced lawyers and the courts.

■ A prisoner in a penal institution under commitment by a court of competent jurisdiction may not defy his guards and run away. Attempts to escape from such institutions are forbidden to all inmates. If they consider their confinement improper they are bound to take other means to test the question. Escape and attempted escape from prison involve dangerous consequences. Prison guards are authorized by law to shoot a prisoner who attempts to escape. If prison guards, under penalty of prosecution for unlawful homicide or maiming, were made insurers of the legality of the commitment of prisoners in their custody, they could not well afford to resist an attempted escape. The danger in the adoption of such a rule is obvious.

Here there is no question of false imprisonment,—that is, by arrest without a warrant or by any illegal warrant. There has been no unlawful execution of lawful process. The defendant was held in custody by order of a court of competent jurisdiction, clothed with authority to issue it. The order was issued to a proper official in a legal manner.

■ When a prisoner is held in legal custody and commits an escape, the crime itself does not depend upon whether he would have been adjudged guilty or innocent of the original offense had the proper procedure for appeal been followed. Under the same conditions, and for the same reasons, the crime does not depend upon whether it may or may not be determined in a future *habeas corpus* proceeding that his original conviction was void for defects in the judgment of conviction by a court of competent jurisdiction.

■ It is our conclusion that, at the time of his escape, Tann was held in lawful custody under unassailed sentences of imprisonment, and his escape from custody was, therefore, unlawful.

In view of what we have said, it becomes unnecessary to

consider the assignment of error relating to the validity of the judgments of conviction in the Circuit Court of Princess Anne county. The judgment of the trial court is, therefore, affirmed.

*Affirmed.*