BAYGENTS *et al. v.* STATE.*

(Division A. May 13, 1929. Suggestion of Error overruled June 10, 1929.)

[122 So. 187. No. 27809.]

*Corpus Juris-Cyc References: Criminal Law, 17CJ, section 3662, p. 318, n. 11; Robbery, 34Cyc, p. 1796, n. 6; p. 1797, n. 11; p. 1799, n. 21; p. 1811, n. 93; "Robbery" defined as the taking from one person property belonging to another, see annotation in 67 L. R. A. 343; 23 R. C. L. 1139; 3 R. C. L. Supp. 1343; 4 R. C. L. Supp. 1516; 5 R. C. L. Supp. 1384; 6 R. C. L. Supp. 1384.

*Broom & Gober* and *Ross R. Barnett,* for appellants.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

Argued orally by *Ross R. Barnett,* for appellants, and *J. A. Lauderdale,* for the state.

Cook, J. The appellants were convicted in the circuit court of the First judicial district of Hinds county on a charge of robbery, and were sentenced to the penitentiary for a term of ten years; and from this conviction and sentence this appeal was prosecuted.

The sufficiency of the evidence to sustain the conviction is not questioned, and a statement of the facts would be of no aid in understanding the questions presented by the assignments of error.

The appellant Frank Baygents first contends that the court was in error in admitting, over his objection, evidence tending to show that his reputation and character were bad, and this assignment is based upon the following testimony:

"Q. You know Frank Baygents? A. Yes, sir.

"Q. How long have you known him? A. When I was in the penitentiary he came there—I know he was a new man.

"Q. He was in the penitentiary with you? A. Yes, sir."

After the witness had been asked and had answered the foregoing questions, counsel for the appellant interposed an objection "to this line of interrogation," and the objection was overruled. The questions asked the witness were entirely proper, and there was no exception to the action of the court in overruling the objection, and no motion to exclude the answers; but the only objection interposed was to that line of interrogation, and after the objection was made, that line of interrogation was pursued no further, and in this state of the record the appellant cannot complain of the failure of the court to exclude this testimony. In addition to this, there was other testimony, admitted without objection, which clearly indicated to the jury that the appellant had been an inmate of the penitentiary and for this reason he could not have been prejudiced by the testimony of which he now complains.

The appellant next complains of an instruction granted to the state which reads as follows: "The court instructs the jury for the state, if you believe from the evidence beyond all reasonable doubt that Frank Baygent and Ed Wilborn, acting together, feloniously and violently

did rob L. W. Pearson, of the sum of fifty-five dollars, or any other amount by taking the same from the person or presence of L. W. Pearson, by violence to the person of L. W. Pearson and against his will, then it would be the sworn duty of the jury to find each of the defendants guilty as charged.''

The appellants contend that this instruction was erroneous for the reason that it failed to inform the jury that before they could convict the appellant, it was necessary that the evidence show beyond all reasonable doubt that the appellant feloniously, forcibly, and violently took the money from L. W. Pearson with intent to steal from him; and in support of this contention they rely on the cases of *Jones* v. *State*, 95 Miss. 121, 48 So. 407, 21 Ann. Cas. 1137, and *Jones* v. *State* (Miss.), 120 So. 199. The instruction in the case at bar is materially different from the instruction in the *Jones cases, supra*. In each of said cases the instruction involved, authorized a conviction of the defendants upon evidence which convinced the jury beyond a reasonable doubt that the defendants took the property from the person assaulted against his will, by force and violence, or by putting such assaulted person in fear of immediate injury to his person. In the case at bar, this instruction required the jury to believe from the evidence, beyond a reasonable doubt, that the appellants ''acting together, feloniously and violently did rob L. W. Pearson of the sum of $55, or any other amount, by taking the same from the person or presence of L. W. Pearson by violence to his person and against his will.''

The word ''rob'' or ''robbery'' has a well-defined meaning and imports an intent to steal. Robbery is the feloniously taking of the property of another from his person or in his presence, against his will, by means of force or violence, or by putting him in fear; and since the instruction here involved authorized the conviction only upon evidence from which the jury believed, beyond a reason-

able doubt, that the appellants feloniously and violently did rob L. W. Pearson, etc., the failure to otherwise state the intent necessary to constitute the crime charged was not erroneous.

The appellants next contend that the peremptory instruction requested by them should have been given for the reason that L. W. Pearson, who was alleged to have been robbed, testified that at the time the assault was committed he was not put in fear of bodily harm. There is no merit in this contention. Robbery may be committed by force or violence, or by putting in fear the person robbed, and in this case the proof amply supports a finding that the appellants used force and violence. In the case of *State* v. *Presley,* 91 Miss. 377, 44 So. 827, this court said: "Of course, it is not necessary that the person robbed should have been put in fear where the goods were taken from his person. *Smith* v. *State,* 82 Miss. 793, 35 So. 178. Taking the property from, and by violence to, the person is one thing under the statute, and putting the person in fear of injury is another."

We find no reversible error in this record, and therefore the judgment of the court below will be affirmed.

*Affirmed.*