289 So.2d 687 (1974)
Joel R. EAKENS, Jr.
v.
STATE of Mississippi.
No. 47633.
Supreme Court of Mississippi.
February 4, 1974.
*688 Agnew, Agnew & Crawford, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Joel R. Eakens, Jr. was tried in the Circuit Court of Hinds County, convicted of the crime of armed robbery, and sentenced to serve ten years in the penitentiary. He has appealed here.
There is little or no dispute as to the facts. One Currie, an admitted drug addict, was a friend of Eakens, although several years older. Prior to the robbery, Currie had been unable to obtain drugs and was experiencing the distress which attends withdrawal. He told Eakens that he knew where he could obtain drugs by "snatching them" from the pharmaceutical counter of a drugstore. After some discussion, Eakens and Currie agreed that Eakens would drive Currie to the drugstore, and that Currie would go in and steal the drugs while Eakens waited outside to drive him away. Arriving at the store, Currie got out of the car, placed a bag over his head, entered the store where he drew a gun and pointed it at the pharmacist. Currie forced the pharmacist to fill a sack with a large quantity of assorted drugs. He also robbed him of some $80 in money. Meanwhile, Eakens, in keeping with his understanding with Currie, drove the car to the back of the store to await Currie. But when Currie attempted to leave by way of the back door he found it to be locked. Whereupon, after firing his gun twice, he left by way of the front door, ran out and got in the car with Eakens and was driven away. Eakens says that he did not know that Currie had or intended to use a gun and that he did not hear the shots.
When Eakens and Currie arrived home, Currie poured the drugs out onto the bed where he also placed the pistol and money. Eakens says that it was then he learned of the pistol for the first time. Eakens was given some of the money and also some drugs.
It is contended on appeal that the case must be reversed because of several errors alleged to have been committed in the course of the trial.
First, it is argued that the trial court erred in refusing to instruct the jury that a verdict of not guilty must be returned if it were found that Eakens had no knowledge that Currie intended to use a pistol or other deadly weapon in the commission of the crime.
Since there is no question that Eakens knew, when he drove Currie to the drugstore, that it was for the purpose of enabling Currie to commit a robbery therein, a felony in which resistance might reasonably be expected to be encountered, the use of the weapon, a pistol in this case, to overcome resistance and to enforce the robber's demands, was an act in furtherance of the contemplated felonious design and served to insure the successful accomplishment of the common purpose to commit the robbery. Eakens was criminally responsible whether he had specific advance knowledge of Currie's possession and intended use of the weapon or not.

*689 "Where parties combine to commit crime, the law imputes the guilt of each to all thus engaged, and pronounces all guilty of any crime committed by any, in the execution of the common purpose, as one of its natural and probable consequences, even though none of the parties intended at the outset to do the particular thing constituting the crime. If the act is not the natural and probable outcome of the common design, but is the independent act of some of the party, conceived of by them, and outside of the common purpose, those not participating in it are not responsible for this independent act."
[Franklin v. State, 189 Miss. 142, 165, 196 So. 787, 792 (1940)].
See also Lusk v. State, 64 Miss. 845, 2 So. 256 (1887).
[I]t need not be that the design is to commit the particular crime which is subsequently committed, but there must be a preconcerted plan to do some unlawful act. A common purpose being shown, all are guilty for the acts of any one of his confederates committed in pursuance of such purpose, even though not included in the original plan.
[Sullivan v. State, 85 Miss. 149, 154, 37 So. 1006, 1008 (1905)].
"[I]f several persons agree to commit and enter upon the commission of the crime involving danger to human life, such as robbery, or assault and battery, or resisting an officer or resisting arrest, all are criminally accountable for death caused in the common enterprise. Thus also, if the unlawful enterprise is likely to meet violent resistance, all will be liable for the felonious assault committed by one of their number in consequence of such resistance, and, if the common design in general involves acts of violence all who participate in the common plan are equally answerable for acts of others done in pursuance thereof, although the result was not specially intended by them all."
[State v. Darling, 216 Mo. 450, 460, 115 S.W. 1002, 1005 (1909)].
It is next contended that Instructions 1, 2 and 3, granted at the request of the State, did not specifically require a finding beyond a reasonable doubt that the robbery was committed with "intent to steal." It is argued that the instruction told the jury that in order to convict it was necessary only to find that Eakens and Currie committed the robbery by use of a deadly weapon. "Rob," of course, is a word in common use with a well understood meaning and imports an intent to steal.
In Baygents v. State, 154 Miss. 36, 39, 122 So. 187, 188 (1929), the Court said, responding to an argument similar to that now raised:
The word "rob" or "robbery" has a well-defined meaning and imports an intent to steal. Robbery is the feloniously taking of the property of another from his person or in his presence, against his will, by means of force or violence, or by putting him in fear; and since the instruction here involved authorized the conviction only upon evidence from which the jury believed, beyond a reasonable doubt, that the appellants feloniously and violently did rob L.W. Pearson, etc., the failure to otherwise state the intent necessary to constitute the crime charged was not erroneous.
See also Herron v. State, 176 Miss. 795, 170 So. 536 (1936).
Moreover, prior to granting the instructions, in compliance with Rule 42 of this Court, the trial court entertained objections to all proposed instructions. The only objection interposed by appellant in the trial court to the instructions requested by the State was that the instructions "do not properly set forth the requirements that this defendant did have knowledge or has knowledge of the manner in which said crime was being committed; that is, that the defendant knew or had knowledge that *690 a gun or a deadly weapon was going to be used."
Other questions raised have been carefully examined and considered and are without merit. No prejudicial error having occurred in the trial of appellant the judgment of conviction must be affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.