ROBERTSON, Justice,
for the Court:
T. L. Cunningham was indicted by the grand jury of the Circuit Court of Clay County for the murder of Leo Davis. The jury returned a verdict of guilty; the court sentenced Cunningham to life imprisonment.
On the night of January 13,1976, defendant Cunningham, Wiley Ewing, Jr. and James Nealy went to the country store of Leo Davis in the western part of Clay County to rob him. They planned the robbery as they rode around in Nealy’s car on the afternoon of the 13th.
Ewing testified that Nealy said “we might have to kill Mr. Davis”, the reason being that Davis knew all three of them. Ewing and Cunningham agreed.
In carrying out their plan, Cunningham knocked on the door and Davis admitted them. Nealy hit Davis across the head with a shotgun, and Ewing stabbed Davis about the head and cut his throat from ear to ear. Cunningham started getting the money out of the cash register.
When Davis raised up from the floor, Nealy hit him again with the shotgun, Ewing stabbed him again, and Cunningham kicked him in the face. In addition to the money in the cash register, they took two $100 bills off of Davis.
Davis was dead when they found him in the store in a pool of blood early the next morning.
The appellant assigned these six errors:
I. The verdict of the jury was contrary to the overwhelming weight of the evidence;
II.The court erred in admitting into evidence the hearsay statement of James Nealy: “We might have to kill Mr. Davis”;
III. The trial court committed reversible error in refusing instruction D-16;
IV. The trial court committed reversible error by stating before the jury: “I am going to wear this jury out running them in and out”;
V.The trial court committed reversible error in denying appellant’s motion for a change of venue;
*301 VI. The trial court committed reversible error in overruling appellant’s motion for a new trial on the ground that the state knowingly used false evidence in the trial of this case.
The testimony of Wiley Ewing Jr. was clear, positive and uncontradicted that Cunningham was in on the planning of the robbery as they rode around in Nealy’s car the afternoon before the robbery, and that Cunningham heard Nealy say “We might have to kill Mr. Davis”, and that Cunningham made no protest.
The testimony was uncontradicted that Cunningham actively participated in the robbery as planned and that the money taken was divided among the three of them.
In Eakens v. State, 289 So.2d 687 (Miss.1974), this Court said:
“ ‘Where parties combine to commit crime, the law imputes the guilt of each to all thus engaged, and pronounces all guilty of any crime committed by any, in the execution of the common purpose, as one of its natural and probable consequences, even though none of the parties intended at the outset to do the particular thing constituting the crime.’
[[Image here]]
“[I]t need not be that the design is to commit the particular crime which is subsequently committed, but there must be a preconcerted plan to do some unlawful act. A common purpose being shown, all are guilty for the acts of any one of his confederates committed in pursuance of such purpose, even though not included in the original plan.” 289 So.2d at 689.
The remark of Nealy, that “We might have to kill Mr. Davis”, was clearly admissible under the co-conspirator rule. The Supreme Court of Florida said, in Damon v. State, 289 So.2d 720 (Fla.1974):
“It is the law of this State that every act and declaration of each member of a conspiracy is the act and declaration of them all and is therefore original evidence against each of them.
“ ‘[BJefore the “co-conspirator rule” may be invoked there must first be independent evidence of the existence of a conspiracy, and of the objecting party’s participation in it. In other words, proof of a conspiracy is necessary for the purpose of establishing the criminal liability of the conspirators for the unlawful acts of their co-conspirators in furtherance of the common cause.’ ” 289 So.2d at 722.
There is no merit to the contention that the trial court committed reversible error in refusing instruction D-16. That instruction was an erroneous statement of the law as applied to the facts of this case, and was properly refused by the trial court.
The remark complained of in appellant’s fourth assignment of error was:
“BY THE COURT: I am going to wear this jury out running them in and out. I have to hear this motion outside the presence of the jury. The bailiff will take the jury out.”
We do not think this was an improper statement, but, even if it were, any possible harm was certainly laid to rest when the court explained:
“I made a remark earlier that might have been misunderstood, and I certainly hope it wasn’t. In the course of a trial, it is necessary at various times that the court hear things outside the presence of the jury, and really it was intended as an apology to you for that necessity. However, it is not to be be blamed on anyone, or any of the lawyers involved. That is just the way the law is.”
No error was committed in denying appellant’s motion for a change of venue. The crime was committed on the night of January 13, 1976; the hearing on the motion was on June 30, 1976. Five witnesses testified against the motion for change of venue, and three testified in favor of it. The coui’t properly overruled the motion. The actual trial was not until January 26, 1977. Cunningham merely stated on January 26, 1977, that he was renewing his motion for a change of venue, but put on no new evidence. The court again properly overruled the motion.
*302 There is no merit in appellant’s last assignment of' error. There was not one scintilla of evidence that the testimony of Robert Townsel was false and that the tape recording demonstrated the falsity of his testimony’. The trial court listened to the tape and found that the tape corroborated Townsel’s testimony. Moreover, the defendant was furnished this tape prior to trial, and if there were any differences between the tape and Townsel’s testimony, the defendant should have made a contemporaneous objection while Townsel was testifying. This was not done. It was too late to make this contention for the first time on a motion for a new trial.
There being no error in the record, the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C. J.., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.