CARLTON, J.,
specially concurring:
¶ 48. I specially concur with the majority’s opinion.
¶ 49. A jury in the Adams County Circuit Court convicted Carson Johnson of Count I, burglary of a dwelling, and Count II, possession of a weapon by a convicted felon. On appeal, Johnson alleges a discovery violation, and he claims that defective indictments and variances with jury instructions on Counts I and II require reversal. The majority opinion finds no error with the issues raised as to Count I and, thus, affirms Johnson’s conviction and sentence for Count II, burglary of a dwelling. I concur with this holding. The majority also affirms Carson Johnson’s conviction and sentence for possession of a weapon by a convicted felon, finding harmless error[8] in the grant of jury instruction S-3. I also concur with this holding, and I write separately to address this particular assignment of error raised by Johnson in his appeal.
¶ 50. Johnson claims he is entitled to a new trial because the jury convicted him of a crime without ever considering one element of the offense — possession of a “firearm.” Count II of Johnson’s indictment *1220 charged Johnson with violating Mississippi Code Annotated section 97-37-7 (Supp. 2011), and the indictment states he “did wilfully, unlawfully, and feloniously possess a gun, a deadly weapon, after having been convicted of a felony under the laws of the State of Mississippi....” (Emphasis added.).
¶ 51. Then, with respect to Count II of the indictment, jury instruction S-3 states:
Carson Johnson has been charged in Count II of the indictment with the felony offense of possession of a weapon by [a] convicted felon.
If you find from the evidence in this case beyond a reasonable doubt that Carson Johnson:
1. on or about January 7, 2009,
2. in Adams County, Mississippi,
3. did possess a deadly weapon,
4. when he had previously been convicted of a felony crime[,] then you shall find the defendant guilty of possession of a weapon by [a] convicted felon.
If the prosecution has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find Carson Johnson not guilty of possession of a weapon by [a] convicted felon.
Johnson contends jury instruction S-3 neither tracks the indictment nor the defining statute for Count II’s offense because the instruction refers to a deadly weapon instead of a firearm.[9] However, at trial, Johnson did not dispute possessing a firearm; and in his testimony, Johnson admitted that he possessed the rifle and that he was a convicted felon at the time. Johnson also testified he knew that due to his status as a convicted felon, the law prohibited him from possessing the rifle.
¶52. I acknowledge that “[fjailure to submit to the jury the essential elements of the crime is ‘fundamental’ error.” Hunter v. State, 684 So.2d 625, 636 (Miss.1996). However, I find no error in the jury instruction considering all the jury instructions given as a whole. Hornburger v. State, 650 So.2d 510, 515 (Miss.1995) (Improper jury instruction held to be harmless error because other instructions informed the jury of the State’s burden of proving every element beyond a reasonable doubt.); see also Berry v. State, 728 So.2d 568, 571 (¶ 9) (Miss.1999). No fundamental or reversible error occurred herein because Johnson’s possession of the firearm was not in dispute before the jury; Johnson admitted at trial that he possessed the rifle. Moreover, instruction S-3 cites the applicable code section for the felony offense of possession of a weapon by a convicted felon. The statute characterizes a gun as a deadly weapon. Thus, Johnson was provided sufficient notice and a reasonable description of the charges against him. Lee v. State, 944 So.2d 35, 38 (¶ 7) (Miss.2006). At the beginning of the trial, Johnson stipulated to being a convicted felon; and in his testimony, Johnson admitted he knowingly possessed the gun. The jury instruction should be evaluated in light of all the instructions given and in context of the evidence in dispute in the case. Newell v. State, 49 So.3d 66, 73 (¶ 20) (Miss.2010).
¶ 53. In the present case, I submit that no abuse of discretion or injustice occurred. See id. The jury instruction given by the trial judge did not materially change the charge against Johnson; instead, the instruction included introductory language identifying the charge. See Decker v. State, 66 So.3d 654, 656 (¶ 5) (Miss.2011). A jury-instruction variance *1221 from the language of the indictment “must be material to accurately categorize an instruction as error.” Williams v. State, 445 So.2d 798, 806 (Miss.1984).[10] In this case, the indictment language at issue also did not materially alter the charge alleged in the indictment and did not refer to any alleged facts of which the defendant possessed no notice. Id.
¶ 54. During Johnson’s testimony, he explained that he wanted to defend himself regarding the possession charge. Johnson denied stealing the rifle from Lindsey Cal-lon’s apartment; instead, Johnson explained that he found the rifle in the trash beside a restaurant. Johnson disputes the testimony of Katherine Cestia, Callon’s fi-ancée, that she saw Johnson leaving Cal-lon’s apartment with the rifle. Johnson admitted that he took the rifle to “see was it good,” but he explained that he could not get the gun to shoot and intended to take the gun to his house to put some WD-40 on it. Johnson testified that after the rifle failed to work properly, he then took the rifle to the park and threw it away. He later led the police to the rifle.
¶ 55. During his testimony, Johnson admitted he knew, as a convicted felon, that he was not supposed to have a weapon. In vehemently contesting the charge of burglary, Johnson argued that he simply found the rifle at issue in the trash, and he did not actually go into a store and purchase it. Thus, the record thus reflects that Johnson’s own testimony shows he admitted that he possessed the rifle on the day of the burglary. Johnson never denied possessing the rifle; he simply denied the State’s claim that he had stolen the weapon from the apartment. In addition, Callón identified the gun recovered from the park as his personal property that he kept inside of his apartment on January 7, 2009, the date of the burglary. As stated, the defense stipulated Johnson was a convicted felon, and the State produced an eyewitness, Cestia, who testified that she saw Johnson with the gun in his possession leaving her fiancé’s apartment — the same gun she had previously seen inside Callon’s apartment.
¶ 56. In this case, I find that no uncertainty existed due to Johnson’s own testimony admitting that he possessed the rifle. Therefore, Johnson’s possession of the rifle was hot at issue or controversy. His status as a prior-convicted felon was also not at issue before the jury due to the defense’s stipulation as to Johnson’s status, as well as Johnson’s admission to such on the stand. Jury instruction S-3 contained introductory language explaining that Johnson had been indicted for the felony offense of possession of a weapon after being convicted of a felony, and Johnson stipulated to such status and testified at trial to possessing the rifle. In accordance with Lannom v. State, 464 So.2d 492, 496 (Miss.1985), since possession of the rifle was not at issue, and since Johnson did not object at trial to the instruction as given, then this assignment of error is procedurally barred.
¶ 57. Therefore, I specially concur with the majority’s opinion affirming Johnson’s conviction and sentence regarding Count *1222 II, possession of a firearm by a convicted felon.
LEE, C.J, AND RUSSELL, J., JOIN THIS OPINION.

. I note that, generally, jury instructions are within the discretion of the trial court, so our standard of review on appeal is abuse of discretion. Newell v. State, 49 So.3d 66, 73 (¶ 20) (Miss.2010). In Newell, the Mississippi Supreme Court stated that jury instructions actually given at trial must be read as a whole. Id. When read as a whole, "if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Id. In addition, a defendant is entitled to have every legal defense he asserts submitted as a factual issue for a determination by a jury under the proper instruction of the court. Id. at 74 (¶ 20); see also Thomas v. State, 75 So.3d 1112 (¶ 9) (Miss.Ct.App.2011).

. The record reflects that other jury instructions, including defense instructions like D-10 and D-ll, referred to his indicted offense of possession of a weapon by a felon.

. In Williams, 445 So.2d at 806, the indictment charged Walter Williams Jr. with taking a money box, a billfold, and some money. The jury instruction, however, directed the jury to determine whether Williams took the money box, billfold, money, or anything of value. Id. The Mississippi Supreme Court found that although a variance from the indictment occurred, the jury instruction did not constitute error. Id. The supreme court also noted that the variance did not materially alter the charge alleged in the indictment or refer to alleged facts of which the defendant had no notice. Id. at 806-07.