# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00506-COA

JEREMIAH ALLEN A/K/A JEREMIAH F. ALLEN                      APPELLANT

v.

STATE OF MISSISSIPPI                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/29/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PHILLIP BROADHEAD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, CONSPIRACY TO COMMIT ARMED ROBBERY, AND SENTENCED TO FIVE YEARS; AND COUNT II, ARMED ROBBERY, AND SENTENCED TO THIRTY-FIVE YEARS, WITH THE SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | REVERSED AND REMANDED: 11/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Jeremiah Allen,[1] an employee at Wendy's in Richland, Mississippi, confessed to

---

[1] Phillip W. Broadhead, clinical professor and director of the University of Mississippi School of Law Criminal Appeals Clinic, was appointed as Allen's appellate counsel. Third-year law students Sean S. Boers and Jillian E. Chance were appointed as

helping his brother rob the restaurant. The Rankin County Circuit Court rejected Allen's claims that his confession was involuntary because it was elicited by promises from law enforcement. While we find that the confession was properly admitted, the trial court did err in denying Allen the opportunity to present evidence to the jury attacking the confession's truthfulness. This error denied Allen a fair trial, and so we reverse his convictions and remand the case for a new trial. We address Allen's remaining contentions because they concern the sufficiency of the evidence or are "likely to arise once again on remand." *Newell v. State*, 175 So. 3d 1260, 1268 (¶5) (Miss. 2015) (citations omitted).[2]

## DISCUSSION

### 1. Admissibility of Confession

¶2.     Allen unsuccessfully moved at trial to suppress his confession based on his claim that it was elicited through promises of leniency from the interviewing police officers. Allen initially became a suspect after surveillance video showed him talking on a cell phone and moving around near a door that had been left unlocked, through which the robber entered the restaurant after it closed. Allen actually made several statements on two separate days

---

special counsel pursuant to Mississippi Code Annotated section 73-3-207 (Rev. 2012) and assisted in the preparation of Allen's briefs on appeal under Professor Broadhead's supervision.

     [2] We discuss the sufficiency of the evidence because, if the evidence had been insufficient, it would require the rendering of an acquittal rather than a retrial. As the supreme court required in *Newell*, we will address the remaining issues because we find them likely to arise again on remand. But to the extent that our analysis depends on the facts in the record before us, our decision should not be read as precluding a different result on remand if additional or different facts are presented.

2

separated by about a week, and some of the statements concerned another robbery in another county. The first day, Allen was without the benefit of counsel, but he made a second and final statement in the presence of his defense attorney, Sarah Gregory, who ultimately did not represent him at trial.

¶3. "The general rule is that for a confession to be admissible it must have been given voluntarily, and not as the result of any promises, threats[,] or other inducements." *Giles v. State*, 187 So. 3d 116, 125 (¶31) (Miss. 2016) (citation omitted). "A confession is voluntary when, taking into consideration the totality of the circumstances, the statement is the product of the accused's free and rational choice." *Wilson v. State*, 936 So. 2d 357, 361-62 (¶8) (Miss. 2006). "The burden lies with the State to prove that a confession is voluntary." *Scott v. State*, 8 So. 3d 855, 861 (¶24) (Miss. 2008). "[T]he burden is met by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward. This makes out a prima facie case for the State on the question of voluntariness." *Id.* (citation and quotation marks omitted). In order to admit the statement after hearing all the evidence, the trial judge must find beyond a reasonable doubt that it was given voluntarily. *Id.* at (¶23).

¶4. Each of the three officers involved in questioning Allen testified unequivocally that no one ever promised him leniency or otherwise led him to believe he would receive it if he confessed. According to the officers, Allen had attempted to elicit a promise of leniency by writing out a confession but refusing to sign it unless he was given a deal. Allen's offer was

3

refused, and some time later, after retaining counsel, he gave another statement and signed it, all without ever receiving any promises.

¶5.     Conversely, Allen testified that two of the officers had at several points offered him a lower bond and a reduction in his charges from armed robbery to conspiracy in exchange for his statement. In support of his claims, Allen points to the fact that after his final confession, the municipal court lowered his bond and apparently[3] reduced his charges to conspiracy. Also, Gregory testified that she believed one of the officers had offered to reduce the charges in exchange for Allen's statement. Based on this evidence, Allen contends on appeal that the trial court's decision to admit the statement was against the overwhelming weight of the evidence.

¶6.     "The circuit court sits as a fact finder when determining [the] voluntariness of a confession, and its determination will not be reversed unless manifestly wrong." *Horne v. State*, 825 So. 2d 627, 639 (¶44) (Miss. 2002). This Court can reverse a trial court's denial of a motion to suppress "only when an incorrect legal standard was applied, manifest error was committed, or the decision is contrary to the overwhelming weight of the evidence." *Williams v. State*, 115 So. 3d 774, 778 (¶11) (Miss. 2013) (quoting *Martin v. State*, 871 So. 2d 693, 701 (¶30) (Miss. 2004)). Most importantly, "the resolution of conflicting testimony

---

[3] An abstract from the municipal court indicated that Allen had been charged with armed robbery, but testimony at trial was that his charges were reduced by that court. A note on a mittimus executed by the municipal court also stated that Allen's charges would be reduced.

regarding voluntariness is a question of fact to be resolved by the trial judge at the suppression hearing." *Chase v. State*, 645 So. 2d 829, 841 (Miss. 1994) (citation omitted).

¶7.    We reiterate that the officers testified that no promises were made to anyone. In response to Allen's claims, the officers admitted they did not know why his charges were noted to be reduced on the mittimus. And they conceded they would have expected to be consulted as to the charges to be brought. But the prosecutors and the grand jury had the authority to make the charging decision, not the police. There was also testimony that it was routine in the jurisdiction to reduce bond when an accused waived his right to a preliminary hearing, which Allen did.

¶8.    In addition to the officers' testimony, there was other evidence refuting Allen's claims. His second written statement, which he signed, recites that it was given "without promises of any kind." Allen likewise executed a written *Miranda* waiver immediately prior to giving that statement; it too recited that no promises had been made. The waiver was signed by Allen's attorney, Gregory, as a witness. And Gregory admitted she had represented Allen and was acting as his attorney at the time, his decision to speak with law enforcement the second time was made after consulting with her, and she was present during the interview.[4]  Presumably, Gregory knew that prosecutors, not police officers, have the

_____

[4] Even if we did not affirm the trial court's finding that there was no offer, the fact that Allen was represented and had counsel present would surely be relevant in deciding, in the totality of the circumstances, whether the second confession was voluntary notwithstanding an offer of reward. The fact that a promise may have been made does not necessarily require suppression; "[t]he test . . . is whether the inducement is of a nature

authority to reduce charges against a defendant.

¶9. At one point in her testimony, Gregory conceded that "there was no specific promise" but simply an "understanding [of some benefit] any time I let my client speak to law enforcement." Later, she did seem to suggest there was a more specific promise from one of the officers, but she could not remember when it was made or who had made it. Gregory also could not exclude the possibility that her understanding of a promise may have come from Allen himself.

¶10. Keeping in mind our deferential standard of review, we cannot say that the trial court's resolution of the conflicting testimony here was against the overwhelming weight of the evidence.

## 2. Limitation of Defense

¶11. While we find no error in the decision to admit Allen's confession into evidence, the trial judge also found that Allen's contentions regarding the surrounding circumstances were irrelevant and precluded Allen from presenting evidence attacking the confessions to the jury.

¶12. During the prosecution's case-in-chief, Allen attempted to set up this defense by asking one of the interviewing officers, Detective Lee Drake, about what Gregory, Allen's former defense attorney, had testified at the suppression hearing. The trial judge opined that he did not believe the question called for hearsay, but he sustained an objection that the

---

calculated under the circumstances to induce a confession irrespective of its truth or falsity." *Taylor v. State*, 789 So. 2d 787, 795 (¶34) (Miss. 2001).

question of whether leniency had been offered was irrelevant, remarking that it was "a matter for the court" and "not relevant to whether or not [Allen] committed this crime." After hearing more arguments, the judge reiterated: "It all goes to the issue of his expectation of leniency, and that's not relevant as to his guilt or innocence." Allen's attorney nonetheless proceeded to ask Detective Drake whether there had been any offers of leniency, which Drake denied, and then the attorney asked about how they would go about deciding what charges to bring against a suspect. But when Allen attempted to question Drake about the apparent reduction in Allen's charges after his confession, the prosecution objected, and the objection was sustained. This exchange followed:

> THE COURT: [A]ll of that is not relevant. And even if it were relevant, I do believe it would probably be confusing to the jury, because the issue is whether or not the State can prove, according to their burden of proof, the defendant is guilty of conspiracy to commit armed robbery [or] armed robbery. Those were the indictment charges handed down by the grand jury, and what happened below is not relevant. And to allow you to get into that would be confusing to the jury, so that will not be allowed.
>
> [DEFENSE ATTORNEY]: All right. Just to clarify, because I don't want to get myself in trouble with the Court. Obviously, you're ruling this is inadmissible. Are you ruling I can't ask him if the charge was – if his bond was dropped down and the charge was changed? Can I ask him that?

The judge then asked the prosecutor for a response, and the prosecutor suggested that there might be a question about whether Detective Drake had personal knowledge about what charges were brought against Allen. The judge then asked the prosecutor whether that was an objection, and the prosecutor responded that he "thought so." The judge ruled that it was "[s]ustained as to relevancy, it's the same issue."

7

¶13.    Thus, it is apparent that the trial court did not simply rule on objections to individual questions or answers on the cross-examination of Detective Drake; it made a sweeping finding of irrelevance that precluded Allen from presenting to the jury his version of the circumstances of his confession.  This was contrary to well-settled Mississippi law, which our supreme court has articulated as follows:

> The admissibility of a confession is for the determination of a trial judge.  The admissibility of the confession, however, is to be distinguished from the issue of its credibility and its weight.  The distinction has been enunciated by this Court.  In *McNeal v. State*, 405 So. 2d 90 (Miss. 1981), this Court stated that "the competency of a confession as evidence is for the court to decide as a matter of law, while the weight and credibility of a confession is for the jury to decide along with other testimony and physical evidence."
>
> Once a confession is admitted into evidence, a defendant is entitled to submit evidence and have the jury pass upon the factual issues of its truth and voluntariness and upon its weight and credibility.  The defendant may offer proof to show that the confession is untrue and explain why he made the untrue statement.
>
> Once this rebuttal or impeachment testimony is offered, then the jury may conclude that the confession, though found by the court to be voluntary, is untrue and not entitled to any weight. Confessions are not conclusive and may be weighed as to their credibility under the circumstances by the jury.  This is a matter for the jury and not the court.

*Wilson v. State*, 451 So. 2d 724, 726 (Miss. 1984) (citations omitted); *see also Harden v. State,* 59 So. 3d 594, 609 (¶40) (Miss. 2011); *Scott v. State*, 878 So. 2d 933, 968-69 (¶96) (Miss. 2004) (overruled on other grounds by *Lynch v. State*, 951 So. 2d 549, 557 (¶24) (Miss. 2007)).

¶14.    Refusing to allow the defendant to attack the truthfulness of his confession is error of

a constitutional dimension that denies a defendant fundamental constitutional rights, but it can still be subject to a harmless error analysis. *Crane v. Kentucky*, 476 U.S. 683, 687-91 (1986); *Rhone v. State*, 254 So. 2d 750, 754 (Miss. 1971)*; Anderson v. State*, 241 So. 2d 677, 678 (Miss. 1970).

¶15.  But we cannot find the error here to be harmless, as Allen's confessions were critical to the prosecution.  And although Allen was not permitted to present his side of the story, the State was allowed to bolster the confessions by making its case for their reliability to the jury. The other evidence of Allen's guilt consisted almost entirely of the account of his brother's girlfriend, who was the getaway driver.  She had turned State's witness in exchange for leniency, and she admitted that she had no communication with Allen directly and that her understanding of his role in the robbery came from his brother.  The testimony of coconspirators is to be regarded "with great caution and suspicion." *Williams v. State*, 32 So. 3d 486, 490 (¶12) (Miss. 2010).  Underscoring the point, the prosecutor even stated in his rebuttal closing argument that the jury could "throw out" the girlfriend's testimony because of the strength of Allen's confessions.

¶16.  Considering the prosecution's dependence on the confessions, we cannot find the error here to be harmless, and so we reverse Allen's convictions and remand for a new trial.

### 3. Sufficiency of the Evidence

¶17.  We next consider Allen's challenge to the sufficiency of the evidence supporting his convictions.  In evaluating the sufficiency of the evidence, we must decide whether it allows

a jury to find "beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)).

¶18.    Allen contends that armed robbery was not proven, because there was only "inconclusive" proof a gun was used. But he seems to misunderstand the elements of armed robbery. The use of an actual gun is not required, only an overt act of the perpetrators that would cause a reasonable person to believe a deadly weapon is present. "[A] victim is not required to have definite knowledge of a deadly weapon." *Dambrell v. State*, 903 So. 2d 681, 683 (¶6) (Miss. 2005). Moreover, the manager of the store testified without equivocation that she was robbed at gunpoint, the surveillance video appears to show the robber armed with a handgun, and the getaway driver admitted she saw Allen's brother with a gun when he came out of the store. Allen does not say what would amount to "conclusive" proof, but this was more than sufficient under our relevant standard of review.

¶19.    Allen next argues that he could not be found guilty of conspiracy to commit armed robbery because, although he admitted to an agreement to commit robbery, he adamantly denied that there was ever an agreement to commit an *armed* robbery. He points out that the

only other member of the conspiracy whose account was presented corroborated Allen's claim (made in the confessions) that his brother did not own the gun and had borrowed it for the robbery.

¶20. The State was required to produce evidence from which a reasonable juror could find beyond a reasonable doubt that Allen agreed with one or more persons to commit an armed robbery. *See* Miss. Code Ann. § 97-1-1(1) (Rev. 2014). "The agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators." *Taylor v. State*, 62 So. 3d 962, 965-66 (¶13) (Miss. 2011). And conspiracy may be proved entirely by circumstantial evidence. *Davis v. State*, 485 So. 2d 1055, 1058 (Miss. 1986).

¶21. "In a criminal prosecution, the jury may accept the testimony of some witnesses and reject that of others, and may accept in part and reject in part the testimony of any witnesses, or may believe part of the evidence on behalf of the [S]tate and part of that for the accused, and the credibility of such witnesses is not for the reviewing court, but only for the jury." *Groseclose v. State*, 440 So. 2d 297, 300-01 (Miss. 1983) (citations omitted). Here, a reasonable juror could accept Allen's confession that he conspired with his brother to rob the restaurant, but still reject his claim that no gun was contemplated as a self-serving attempt to minimize his culpability. The jury could go on to infer that an armed robbery was agreed as Allen's brother did, in fact, bring a gun into the restaurant and use it in the robbery. We find sufficient evidence to support a conviction for conspiracy to commit armed robbery.

11

### 4. Lesser-Included-Offense Instruction

¶22.    Finally, we address Allen's contention that the trial court erred in refusing a lesser-included-offense instruction on simple robbery.  "A defendant is entitled to jury instructions on his theory of the case whenever there is evidence that would support a jury's finding on that theory[, but] a trial court may refuse a jury instruction when it is an incorrect statement of law, fairly covered in other instructions, or has no foundation in the evidence." *Thomas v. State*, 48 So. 3d 460, 469 (¶23) (Miss. 2010) (citations omitted).  "To be entitled to a lesser-included-offense instruction . . . the defendant must point to evidence in the record from which a jury reasonably could find the defendant not guilty of the crime with which the defendant is charged and at the same time find the defendant guilty of the lesser offense." *Id*. at 472 (¶29) (citations omitted).

¶23.    Allen presents two arguments here.  His first tracks his contentions on the sufficiency of the evidence, and is patently without merit – Allen contends there was no showing that his brother was armed during the robbery.  Having reviewed the surveillance video of the robbery and the testimony of the witnesses, we agree with the trial court that no reasonable juror could find that a gun was not used in the robbery.

¶24.    Allen's real goal in offering the instruction seems to have been hope that the jury would believe his claims that the robbery was not planned to be an armed one.  It is the general rule that an accomplice "need not necessarily have intended the particular crime committed by the principal" but "is liable for any criminal act which in the ordinary course

12

of things was the natural or probable consequence" of the intended offense. 22 C.J.S. *Criminal Law* § 179 (2016). "The fact that the crime is not committed in the particular way designated by the procurer or conspirator does not prevent him . . . from being liable as an accessory before the fact." *Id.* Mississippi follows that rule. Our supreme court has recently reiterated: "If two or more persons enter into a combination or confederation to accomplish some unlawful object, any act done by any of the participants in pursuance of the original plan and with reference to the common object is, in contemplation of law, the act of all." *Roby v. State*, 183 So. 3d 857, 875 (¶71) (Miss. 2016) (quoting *Shedd v. State*, 228 Miss. 381, 386, 87 So. 2d 898, 899 (1956)).

¶25.    Allen points to *Welch v. State*, 566 So. 2d 680, 684 (Miss. 1990), where the defendant was an accessory to a kidnapping that ended in the killing of the victim by an accomplice. The Mississippi Supreme Court held that a jury should have been instructed on a lesser-included offense of manslaughter. It did state that the accessory "defendant must possess the mens rea for the commission of the crime." *Id.* But, just as the supreme court recently held in *Roby*, this was not just any mens rea, but the specific intent required to commit murder – deliberate design to effect death. *Roby*, 183 So. 3d at 874 (¶70). Even assuming this holding can be generalized to apply outside the homicide context, the specific-intent element in armed robbery is the same as in simple robbery – to permanently deprive the victim of her property. *See Williams v. State*, 590 So. 2d 1374, 1379-81 (Miss. 1991). Armed robbery requires no specific intent not present in simple robbery.

13

¶26. In fact, the Mississippi Supreme Court has addressed the robbery/armed robbery issue before, and it held that the defendant "was criminally responsible [for armed robbery] whether he had specific advance knowledge of [his accomplice's] possession and intended use of the weapon or not." *Eakens v. State*, 289 So. 2d 687, 688 (Miss. 1974). This is because, as we said, accessories are guilty "of any crime committed by any [other accessory] in the execution of the common purpose, as one of its natural and probable consequences, even though none of the parties intended at the outset to do the particular thing constituting the crime." *Id.* (citations omitted).

¶27. We find no error in the refusal of the lesser-included-offense instruction.

¶28. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**